NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MARK CORY STEPHENS,
*Petitioner/Appellee,*

*v.*

NORA STEPHENS,
*Respondent/Appellant.*

No. 1 CA-CV 14-0608 FC
FILED 1-7-2016

Appeal from the Superior Court in Maricopa County
No. FN2013-092420
The Honorable Emmet J. Ronan, Judge (Retired)

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Schneider Law Office, Mesa
By Gary Schneider
*Counsel for Petitioner/Appellee*

Michael J. Shew Ltd., Phoenix
By Michael J. Shew
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

¶1 Nora Stephens (Wife) appeals from a decree of dissolution. For the following reasons, we affirm the decree in part and vacate and remand in part.

## BACKGROUND

¶2 The parties were married in January 2009. In 2013, Mark Cory Stephens (Husband) filed a petition for dissolution without children. The parties entered into a partial settlement agreement pursuant **to A**rizona Rule of Family Law Procedure 69 in which they agreed to allocate three debts to Wife, the 2002 Suzuki motorcycle to Husband, and to waive any rights to the other's retirement accounts. The agreement also provided that each party would be awarded the personal property in his or her possession; however, several specific household items were disputed.

¶3 After two trial days, the family court entered a decree resolving all but one issue relating to Husband's claim that there was a community lien on Wife's personal injury settlement. After a third hearing on the one remaining issue, the court denied Husband's lien claim and ordered each party to pay his or her own attorneys' fees. Prior to the court issuing this ruling, Wife filed a motion for new trial. The family court denied the motion.

¶4 Wife filed a notice of appeal from the unsigned decree, the unsigned ruling on the lien and attorneys' fees, and the unsigned denial of the motion for new trial. After obtaining a signed order denying her motion for new trial, Wife filed an amended notice of appeal. This court subsequently stayed the appeal to allow Wife to obtain a signed final order regarding the ruling on the merits. The family court signed a final, appealable order, and this appeal was reinstated. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona

Revised Statutes (A.R.S.) sections 12-2101.A.1 and -120.21.A.1 (West 2015).[1]

**DISCUSSION**

I. Musical Instruments

¶5        Wife contends the family court erred by characterizing the musical instruments and repair equipment as Husband's separate property. We defer to a family court's factual findings absent clear error. *Danielson v. Evans*, 201 Ariz. 401, 406, ¶ 13 (App. 2001). However, the classification of property as separate or community is a question of law we review de novo. *See Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007). Property acquired by one spouse prior to marriage is that spouse's separate property. A.R.S. § 25-213.A. The character of property is determined at the time it is acquired and retains that character until changed by agreement or operation of law. *Bell-Kilbourn*, 216 Ariz. at 523, ¶ 5; see also *Potthoff v. Potthoff*, 128 Ariz. 557, 561(App. 1981).

¶6        Wife contends the evidence did not support the family court's finding that Husband acquired all the musical instruments and repair equipment before marriage. Husband and two witnesses testified that Husband acquired several musical instruments and repair equipment prior to marriage when he worked as a musician and a musical instrument repairman. Husband and his witnesses identified several instruments and equipment that Husband owned prior to marriage. Husband testified that he did not purchase any instruments or tools during the marriage, only parts. Wife, however, testified that Husband purchased some instruments during the marriage while also admitting he owned some prior to the marriage. Wife also argues that she provided a list (Exhibit 70) of the instruments Husband purchased during the marriage. However, these are some of the instruments and tools Husband and his witnesses identified as belonging to Husband prior to the parties' marriage.

¶7        The evidence about the timing of Husband's purchases of the musical instruments and repair equipment was conflicting. "We will defer to the [family] court's determination of witnesses' credibility and the weight to give conflicting evidence." *Gutierrez v. Gutierrez*, 193 Ariz. 343,

---

[1]        We cite the current version of applicable statutes when no revisions material to this decision have occurred.

347, ¶ 13 (App. 1998); *see also Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). There was evidence to support the family court's finding that Husband purchased the musical instruments and repair equipment prior to the marriage. Therefore, the court properly concluded those items were Husband's separate property, and we affirm the award of these items to Husband as his separate property.[2]

II. Victory Vision Motorcycle and Related Debt

**¶8** The family court found Husband purchased a Victory Vision motorcycle during the marriage, but because it replaced a motorcycle Husband owned before marriage, the court awarded the Victory Vision motorcycle to Husband as his separate property. Wife challenges the separate property characterization of the Victory Vision motorcycle. Wife also contends she was entitled to an order affirming her $25,000 lien against Husband's personal injury settlement because she loaned him $25,000 to pay off this motorcycle.

**¶9** Both parties characterized the Victory Vision motorcycle as community property in their pretrial statements. Husband asked the court to award him this community motorcycle and, in exchange, award Wife the community-owned Mitsubishi of equal value. Husband never claimed the Victory Vision motorcycle was his separate property. Nevertheless, the family court found the Victory Vision motorcycle was Husband's separate property because it replaced a motorcycle that was Husband's separate property. This finding is not supported by the evidence.

**¶10** During the marriage, Husband was in an accident that totaled a motorcycle he had purchased prior to the parties' marriage. To replace that motorcycle, Husband took out a loan and purchased the Victory Vision motorcycle. The down payment on that loan was paid during the marriage, presumably with community funds, but neither party testified regarding the source of the down payment funds. *See In re Marriage of Flower*, 223 Ariz. 531, 537, ¶ 24 (App. 2010) (assets and debts incurred during marriage are presumed to be community property unless proven by clear and convincing evidence). When Wife received her

---

[2] In her opening brief, Wife argues the family court correctly denied Husband's claim that the community had an interest in her personal injury settlement and Husband's motion for contempt. Husband did not challenge these rulings; therefore, we need not address them on appeal.

personal injury settlement, some of those proceeds were used to pay off the community loan on the Victory Vision motorcycle. Wife took a lien against Husband's personal injury settlement to secure this loan.[3] Husband admitted he had not repaid Wife.

¶11 Although the family court correctly found the Victory Vision motorcycle was purchased to replace a motorcycle Husband owed before marriage, the Victory Vision motorcycle was purchased during the marriage with some community funds and a community loan. Wife's separate property personal injury settlement was used to pay off that loan.[4] Assets and debts acquired during marriage are presumed to be community, and the party claiming they are separate in nature must prove that assertion by clear and convincing evidence. *In re Marriage of Flower*, 223 Ariz. at 537, ¶ 24. Husband did not establish that he used any separate property to purchase the Victory Vision motorcycle. Therefore, the family court erred in characterizing it as Husband's separate property.

¶12 Husband contends the decree was equitable because the family court also awarded Wife the Mitsubishi as her separate property and there was no evidence regarding the value of either vehicle. However, the family court found the Mitsubishi was Wife's separate property. Husband did not challenge this characterization. On this record, we cannot agree it was equitable to award a community asset to Husband with no offset to Wife in exchange for confirming Wife's separate property to her.

¶13 An equitable result required the family court to also allocate the debt associated with the Victory Vision motorcycle. Husband admitted that Wife had a lien against his personal injury settlement because he had not paid Wife the $25,000 she loaned him from her separate property to pay off the motorcycle loan. The decree did not refer to this lien or debt, yet awarded the motorcycle to Husband with no offset to Wife.

¶14 The award of the community property motorcycle to Husband as his separate property was erroneous. Accordingly, we vacate

---

[3] This lien was admitted into evidence, but was apparently released to the parties and is, therefore, not contained in the record on appeal.

[4] Husband did not challenge the family court's ruling that Wife's personal injury settlement proceeds were her separate property.

the award of the Victory Vision motorcycle to Husband as separate property. On remand, the court shall determine a fair and equitable distribution of the community motorcycle and the debt incurred from Wife's separate property. In light of this resolution, Husband's argument that the decree cancelled Wife's lien was also erroneous.

III.    2007 Trike

¶15        The family court found Husband purchased the 2007 Trike prior to marriage and Wife did not establish that any community funds were used to pay for the Trike. Wife argues she is entitled to an equitable lien to the extent community funds were used to make payments on the Trike during the marriage. *See Potthoff*, 128 Ariz. at 562. We view findings of fact in the light most favorable to supporting the trial court's ruling. *See Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007).

¶16        Wife argues that Trial Exhibit 36, prepared by Husband, shows several payments to Silver State Schools Credit Union (credit union). Husband, however, testified that the Trike was paid for before the marriage and the payments to the credit union were for another motorcycle. The testimony did not clearly explain the "auto loan" payments to the credit union from the community bank account.

¶17        In light of Wife's failure to provide more detailed payment information, we cannot say the trial court abused its discretion in accepting Husband's testimony that the payments were not for the Trike, which he claimed was paid for before marriage. *See Gutierrez*, 193 Ariz. at 347, ¶ 13. Accordingly, we affirm the award of the Trike as Husband's separate property.

IV.    Partial Settlement Agreement

¶18        The parties reached a partial settlement agreement (settlement agreement) a few months before trial. Relevant to this appeal, the parties agreed: (1) Wife would pay three debts; (2) the payment for six other debts remained disputed; and (3) the parties agreed each would keep the community personal property already in their possession but listed several items of disputed personal property. Both parties noted the existence of the settlement agreement in their pretrial statements, but the decree did not refer to the settlement agreement. Wife argues the family court abused its discretion by failing to make any findings regarding the settlement agreement and because the decree contains terms inconsistent with the agreement. Husband contends neither party asked the court to adopt the settlement agreement, so it was not binding. Husband also

argues Wife waived any claim that the settlement agreement was binding because her positions at trial were contrary to the terms of the agreement.

**¶19**     The parties did not expressly ask that the family court accept or incorporate the settlement agreement or find it was fair and equitable. However, the parties referred to it in their pretrial statements and Wife referred to it at trial, albeit briefly. Pursuant to A.R.S. § 25-317.B and D., a settlement agreement is binding unless the family court finds the agreement is unfair; if the court finds it is not unfair, the court *shall* set forth the terms of the agreement or incorporate the agreement by reference. *See also Sharp v. Sharp*, 179 Ariz. 205, 210(App. 1994). The court failed to make *any* findings regarding the settlement agreement.

**¶20**     Husband suggests this court should assume the family court rejected the partial settlement agreement because neither party requested findings of fact pursuant to Ariz. R. Fam. L.P. 82. It is not possible to determine whether the family court implicitly rejected the agreement as unfair. The decree did not place a valuation on the assets or specify the balances owed on the debts allocated in the decree.[5] Neither party repudiated the settlement agreement and Husband does not dispute that it satisfied Rule 69, Ariz. R. Fam. Law P.

**¶21**     Contrary to Husband's argument on appeal, Wife did not take positions at trial inconsistent with the settlement agreement. At trial, Wife did not argue the musical instruments were part of the personal property awarded to her in the partial agreement.[6] Wife argued they were

---

[5]     The settlement agreement listed nine debts, of which six were disputed; however, the decree only allocated four of the debts. Wife accepted liability for some of the debts at trial, presumably the same ones she agreed to in the settlement agreement, although that is not clear. Because the parties did not list or testify to specific account numbers or balances for the various debts, we are unable to determine whether the decree allocated all the debts listed in the partial settlement agreement or whether it was ultimately fair and equitable.

[6]     For the first time in her reply brief, Wife claims the musical instruments were in her possession at the time of the settlement agreement, thus, pursuant to the agreement, they should have been awarded to her. At trial, Wife argued the instruments were community property because they were purchased during the marriage. "We will not

community property because they were purchased during the marriage and asked the court to allocate them to Husband in exchange for awarding the house to her.

**¶22**     The family court had an independent obligation under A.R.S. § 25-317 to assess the fairness of the settlement agreement and to ultimately achieve a fair and equitable allocation of the property and debts. *See* A.R.S. § 25-318.A. We cannot ascertain whether the family court rejected the settlement agreement or whether the overall allocation was fair and equitable due to the lack of evidence regarding the valuation of the assets and debts. Accordingly, we vacate the allocation of the disputed personal property and the allocation of debts. On remand, the family court shall consider whether the settlement agreement was fair and proceed to equitably allocate the remaining personal property and debts.

V. Other Orders Relating to Debts

**¶23**     Wife disputes several provisions of the decree related to the payment of debts. Specifically, the family court ordered the parties to pay off "any of the community debts listed below" with the proceeds from the sale of the community residence. Wife argues this was an abuse of discretion because she should be permitted to pay her debts over time and because the court did not order that sales proceeds be used to pay the debts Wife agreed to pay. Wife also argues the court failed to specify the date for determining the parties' liability for the debts. Wife proposes the court use the date of service. Husband did not respond to these arguments. Having vacated and remanded for reconsideration those portions of the decree allocating the debts, these issues are more appropriately addressed on remand.

**¶24**     Finally, Wife argues the court abused its discretion by failing to credit Wife with the reduction in principal on the marital residence and increase in value for payments Wife made after June 1, 2013. Wife did not raise this issue at trial. Accordingly, we do not address it on appeal. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000). Moreover, there was no evidence regarding the amount of reduction in principal or any increased value of the marital residence at any time

---

consider new arguments made for the first time in a reply brief." *Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007).

before or after June 1, 2013.  Absent such evidence, the family court could not have made such an award to Wife and we find no abuse of discretion.

VI.  Attorneys' Fees at Trial

**¶25**        The family court found that although Husband had greater earnings, there was "no significant disparity of income between the parties."   The court also found both parties had been uncooperative throughout the litigation.  We will not disturb the family court's ruling on attorneys' fees absent an abuse of discretion.  *See Gutierrez*, 193 Ariz. at 351, ¶ 32.

**¶26**        Wife contends the family court abused its discretion by denying her request for an award of attorney fees without finding Wife had adequate resources to pay her own fees.  Wife, however, did not offer any evidence that she was unable to pay her own attorney fees. Moreover, financial "disparity alone does not mandate an award of fees." *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶9 (App. 2014).   Pursuant to A.R.S. § 25-324.A, the family court has discretion to deny a fee award after considering the parties' financial resources as well as the reasonableness of the parties' positions.  *Id*.  The family court considered both factors in this case, and we find no abuse of discretion.

## ATTORNEY FEES AND COSTS ON APPEAL

**¶27**        Both parties request an award of attorney fees and costs on appeal pursuant to A.R.S. § 25-324.  We have no current information regarding the parties' financial resources and find neither party took unreasonable positions on appeal.  Neither party was entirely successful on appeal.  Accordingly, we deny the parties' requests for attorney fees and costs on appeal.  *See* A.R.S. § 12-342.

**CONCLUSION**

¶28         We affirm the award of the musical instruments, repair equipment, and the Trike to Husband as his separate property. We vacate the award of the Victory Vision motorcycle to Husband, finding it was community property. We also vacate that portion of the decree allocating the parties' debts. On remand, the family court shall consider whether the settlement agreement was fair and equitable and then reconsider the allocation of debts and disputed personal property in light of that finding. We affirm the family court's denial of attorney fees to Wife. On appeal, each party shall pay his or her own attorney fees and costs.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama