NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

BOGDANA T. IGNATOVA, *Petitioner/Appellee,*

*v.*

IVAN D. IGNATOV, *Respondent/Appellant.*

No. 1 CA-CV 19-0100 FC
FILED 2-4-2020

Appeal from the Superior Court in Maricopa County
No. FC2017-003149
The Honorable Kerstin G. LeMaire, Judge

**VACATED IN PART; REMANDED**

COUNSEL

Bellah Perez, PLLC, Glendale
By Shasta Marie Nolte
*Counsel for Petitioner/Appellee*

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

---

**G A S S**, Judge:

¶1         Ivan D. Ignatov (husband) appeals the superior court's dissolution of his marriage to Bogdana T. Ignatova (wife). Husband challenges only the superior court's classification of a Glendale condominium (the condo) as community property. Because the superior court reviewed evidence under an incorrect standard, its characterization of the condo is vacated and remanded for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

¶2         This court views the facts in the light most favorable to upholding the superior court's ruling. *See Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005). Husband and wife were born in Bulgaria and married there in October 1995. Wife does not speak English. Husband has limited English proficiency. During the marriage, they purchased the condo and two properties in Bulgaria.

¶3         Husband purchased the condo in 2013 while wife was in Bulgaria. Husband contacted wife in Bulgaria and told her to transfer funds from a Bulgarian bank to husband's Wells Fargo account in Arizona so he could complete the purchase. The Bulgarian account was in husband's name, but husband authorized wife to use it, including making withdrawals.

¶4         As part of the purchasing process, husband sent wife a disclaimer deed (the deed). Husband told wife she needed to sign, notarize, and return the deed quickly or they could not purchase the condo and "would have lost a lot of money." The deed husband sent was in English and required translation. Wife signed, notarized, and returned both English and Bulgarian translations of the deed.

¶5         In September 2017, wife filed for dissolution. The couple reached a Rule 69 agreement, settling the division of their two properties in Bulgaria. The superior court held a trial in September 2018 to resolve ownership of the condo, among other issues. The following month, the

superior court issued a Decree of Dissolution (decree). In its decree, the superior court found:

> After considering the credibility of the testimony of the parties and the reliability of the evidence, the Court finds that Wife has rebutted the presumption that the [condo] is sole and separate due to the Husband's fraudul[e]nt representation to her regarding the need to sign the document and her complete misunderstanding of the nature of [the] document.

¶6        The superior court ordered the condo sold and the proceeds equally divided between husband and wife. Husband moved for a new trial, submitting new evidence and arguing the superior court did not use the correct standard when analyzing the deed's enforceability. The superior court summarily denied husband's motion. Husband timely appealed.

## ANALYSIS

¶7        This court reviews the characterization of property as separate or community *de novo. Bell–Kilbourn v. Bell–Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007). Property acquired during a marriage is presumed to be community property. *In re Marriage of Pownall*, 197 Ariz. 577, 582, ¶ 16 (App. 2000). Spouses may convey their community or separate property to one another by written instrument. *Bender v. Bender*, 123 Ariz. 90, 93 (App. 1979).

¶8        A valid disclaimer deed rebuts the presumption of community property and "must be enforced in the absence of fraud or mistake." *Bell–Kilbourn*, 216 Ariz. at 523-24, ¶¶ 7, 11. Fraud and mistake, however, are affirmative defenses and must be proved by clear and convincing evidence. *Bender*, 123 Ariz. at 94; *see also Powers v. Guar. RV, Inc.*, 229 Ariz. 555, 562, ¶ 27 (App. 2012); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 7 (App. 1998).

¶9        At the conclusion of trial, the superior court said a "rebuttable presumption attaches" to the deed. After reviewing the evidence presented and the parties' credibility, the superior court said wife "has rebutted the presumption that the [condo] is sole and separate." The deed, however, created no presumption. A disclaimer deed instead rebuts the presumption that property acquired during marriage is community property, but it may be challenged as unenforceable based on fraud or mistake. *See Bell–Kilbourn*, 216 Ariz. at 523, ¶ 7. Though no "magic language" is required to establish fraud, wife had the burden of proving fraud by clear and convincing

evidence. *See Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 155, ¶ 53 (App. 2009). Accordingly, the superior court applied an incorrect standard when evaluating wife's challenge to the deed.

**¶10** The superior court correctly said a disclaimer deed may be voided by a unilateral mistake induced by misrepresentation. *See Parrish v. United Bank of Ariz.*, 164 Ariz. 18, 20 (App. 1990). This court, however, cannot resolve whether the evidence supports the superior court's finding under a clear and convincing standard. *See Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 94, ¶ 5 (App. 2009) (appellate courts will not reweigh evidence or second guess the superior court's credibility determinations); *Gutierrez*, 193 Ariz. at 347, ¶ 13. Because the superior court did not review the testimony and evidence under this higher standard, its judgment cannot be affirmed.

## CONCLUSION

**¶11** For the reasons stated above, the portion of the decree characterizing the condo as community property is vacated and remanded for proceedings consistent with this decision. The superior court may, in its discretion, make appropriate findings based on the current record or choose to hold an evidentiary hearing to consider additional evidence.



AMY M. WOOD • Clerk of the Court
FILED: AA