NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

AVELINA E. ALDANA, *Petitioner/Appellee*,

*v.*

RICARDO ALDANA, *Respondent/Appellant*.

No. 1 CA-CV 20-0507 FC
FILED 4-13-2021

Appeal from the Superior Court in Maricopa County
No. FN2019-000589
The Honorable Lori Ash, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Ricardo Aldana, Phoenix
*Respondent/Appellant*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Jennifer B. Campbell joined.

**M O R S E**, Judge:

¶1         Ricardo Aldana ("Husband") appeals from the community property allocation in the decree dissolving his marriage to Avelina E. Aldana ("Wife").  For the reasons stated below, we affirm the decree.

## FACTS AND PROCEDURAL BACKGROUND

¶2         The parties were married in 1986.  Wife filed a petition for dissolution in 2019.  Both parties asked to be awarded the marital residence subject to an offset for the other spouse's share in the residence.  Husband also asserted that Wife kept $170,000 from the sale of a community residence in New York and asked the court to award him half of those funds.  Wife claimed the parties sold the New York residence in 2012, used the bulk of the proceeds to pay off their Arizona marital residence, and agreed to give the rest of the money to their children.  The parties also disputed the extent of Husband's gambling.  Wife argued that Husband spent over $70,000 gambling between 2014 and 2019, and much more over the course of their 34-year marriage, which constituted waste of community property.  Husband denied gambling excessively.

¶3         After trial in July 2020, during which both parties and counsel appeared remotely, the superior court ordered the marital residence sold and the proceeds divided equally.  The court also found Husband's excessive gambling cost the community over $70,000 and awarded Wife $35,342.93 from Husband's share of the proceeds from the sale of the marital residence.  The court denied Husband's claim for proceeds from the sale of the New York residence, finding the money was used for community expenses and as gifts to the parties' children with Husband's consent.  Husband timely appealed.[1]  We have jurisdiction under A.R.S. § 12-2101(A)(1).

---

[1]      Wife did not file an answering brief.  In the exercise of our discretion, we decline to treat her failure to do so as a confession of reversible error. *See Michaelson v. Garr,* 234 Ariz. 542, 544, ¶ 4 n.3 (App. 2014).

**DISCUSSION**

**¶4**        Husband argues the superior court erred in (1) finding his gambling constituted waste of community property, (2) finding he was not entitled to half of the proceeds from the sale of the New York residence, and (3) ordering the sale of the marital residence.  He also argues that Wife and his adult son provided false testimony at trial.

**¶5**        We review the superior court's allocation of community property for an abuse of discretion.  *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007).  "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 14 (App. 2003).

**¶6**        Although the trial was digitally recorded, Husband failed to provide a trial transcript for appellate review.  As the appellant, Husband was responsible for ensuring that the record on appeal contains all transcripts necessary for this Court to consider the issues raised on appeal. *See* ARCAP 11(c) (appellant is responsible for ordering all relevant transcripts).  In the absence of a transcript, "we assume the missing portions of the record would support the trial court's findings and conclusions." *Burton*, 205 Ariz. at 30, ¶ 16.

**¶7**        Husband failed to show that the property allocation was unfair or lacked evidentiary support.  The record on appeal includes several bank statements showing many ATM withdrawals at casinos during the marriage.  These exhibits support the court's ruling that Husband spent significant funds gambling during the marriage.  Therefore, we cannot say the court abused its discretion in finding Husband owed Wife $35,342.93 for wasting community funds. *See id.; see also* A.R.S. § 25-318(C) (courts may consider a spouse's excessive or abnormal expenditures or the concealment or fraudulent disposition of community assets when apportioning community property).

**¶8**        Similarly, because we lack a transcript of the trial proceedings, we cannot say the court abused its discretion by ordering the sale of the marital residence and denying Husband's claim to half of the 2012 sale proceeds. *See Burton*, 205 Ariz. at 30, ¶ 16.

**CONCLUSION**

¶9        We affirm the decree.



AMY M. WOOD • Clerk of the Court
FILED:    AA