648 P.2d 1045
**Raymond C. HONNAS,
Petitioner/Appellant,**

v.

**Dorothy E. HONNAS,
Respondent/Appellee.**

**No. 15855–PR.**

Supreme Court of Arizona,
In Banc.

July 15, 1982.

Mesch, Clark & Rothschild, P.C. by Douglas H. Clark, Jr., Tucson, for petitioner/appellant.

Anderson & Taylor, Ltd. by Thomas W. Anderson and Pamela M. Katzenberg, Tucson, for respondent/appellee.

GORDON, Vice Chief Justice:

This case concerns the distribution of assets because of a marriage dissolution. We accepted the petition for review by appellee Dorothy Honnas to review a memorandum decision of the Court of Appeals, Division Two, No. 2 CA–CIV 3975 (filed November 19, 1981). We have jurisdiction under Ariz. Const. Art. 6, § 5(3) and Ariz.R.Civ.App.P. 23. We vacate only that portion of the memorandum decision pertaining to Dorothy's participation in the value of the family residence and remand the matter to the superior court for a redetermination of her interest and reconsideration of the spousal maintenance award in light of the revised distribution.

The parties were married in June, 1974. Prior to the marriage, Raymond Honnas

owned what became the family residence. The home was improved and appreciated in value from $55,000 to $130,000 during the marriage. Two rooms were added to the residence while the couple resided there. Some of the monies for this improvement came from community funds. Dorothy worked with the contractor and did the painting and wallpapering on the addition. Dorothy also contributed substantial maintenance work on other parts of the house. During the marriage $6,092 paid on the mortgage was from community funds.

The Court of Appeals held:

"There was no showing that either party's efforts enhanced the value of this property [the family residence]. In the absence of such showing, the community cannot have a valid claim. [Citation omitted.] The increase in value was largely the result of inflation. *Although even appellant [Raymond] admitted that the improvement to the home also increased its value,* there is no evidence from which the amount of increased value attributable to this improvement can be determined. Since the increase in value was primarily due to its inherent nature rather than the personal efforts of the community, the entire increase was separate property. *Cockrill v. Cockrill,* 124 Ariz. 50, 601 P.2d 1334 (1979)." (Emphasis added.)

The Court of Appeals awarded one-half of the community funds expended as mortgage payments and improvements to Dorothy, but disallowed her participation in the increased value of the residence.

We disagree with the Court of Appeals' application of *Cockrill.* In *Cockrill,* the husband owned a farm prior to the marriage; therefore, it was separate property. The net worth of the farm increased in value during the marriage. The issue was if the increase in the value of the property was because of its inherent nature and, therefore, separate property or if the increase was attributable to community efforts and, therefore, community property. In *Cockrill* we held that

"[s]eldom will the profits or increase in value of separate property during marriage be exclusively the product of the community's effort or exclusively the product of the inherent nature of the separate property. Instead * * * there will be evidence that both factors have contributed to the increased value or profits."

*Cockrill,* 124 Ariz. at 53, 601 P.2d at 1337. Recognizing that appreciation of property could be due to multiple factors, we discarded the "all or none rule" and held that "profits, which result from a combination of separate property and community labor, must be apportioned accordingly." *Id.* at 54, 601 P.2d at 1338.

In the instant case the Court of Appeals misconstrued *Cockrill* when it said that because the increased value of the residence was due primarily to its inherent nature, the entire increase was separate property. We agree that much of the increase in value is likely due to inflation. As the Court of Appeals notes, however, even Raymond acknowledged that the addition to the home increased its value. Further, we cannot say that Dorothy's contribution of labor to permanent improvements has not also added to the appreciation of the property. We emphasize that Dorothy's interest in the property does not alter its characterization as separate or community. Property takes its character as separate or community at the time it is acquired and retains this character even if there is a subsequent marriage. *Cockrill, supra; Nace v. Nace,* 104 Ariz. 20, 448 P.2d 76 (1968); *Lawson v. Ridgeway,* 72 Ariz. 253, 233 P.2d 459 (1951). The Honnas' residence remains Raymond's separate property and Dorothy's interest is not one of title. Community funds and labor, however, were used for the benefit of the separate property, and the community is entitled to share in the enhanced value of the property due to this expenditure of funds and labor.

We recognize that litigants and scholars have been confused about which formula should be utilized to reimburse the community for community funds expended

for the benefit of separate property. *Hanrahan v. Sims*, 20 Ariz.App. 313, 512 P.2d 617 (1973); W. Reppy & W. De Funiak, *Community Property in the United States*, 244–45 (1975). In *Rothman v. Rumbeck*, 54 Ariz. 443, 96 P.2d 755 (1939), the wife was permitted reimbursement of one-half life insurance premiums paid and denied a proportionate part of policy proceeds. *But see Everson v. Everson*, 24 Ariz.App. 239, 537 P.2d 624 (1975). We do not decide which formula, amount-spent or value-at-dissolution, is the more desirable in cases involving insurance. We do reaffirm the value-at-dissolution formula for real property cases adopted in *Lawson v. Ridgeway*, 72 Ariz. 253, 233 P.2d 459 (1951). *See also Tester v. Tester*, 123 Ariz. 41, 597 P.2d 194 (App. 1979).

We vacate the portion of the Court of Appeals memorandum decision inconsistent with the foregoing and remand the matter to the trial court for a redetermination of Dorothy's interest in the residence. The trial court may reexamine the spousal maintenance award and choose to adjust it in light of our holding.

HOLOHAN, C. J., and HAYS, CAMERON and FELDMAN, JJ., concur.