139 F.3d 904
 81 A.F.T.R.2d 98-887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Estate of John Kenly, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 97-70174.
 Tax Ct. No. 5107-95.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1998.
Decided Feb. 20, 1998.
 
 Appeal from a Decision of the United States Tax Court.
 Before GOODWIN, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Betty Kenly, as personal representative of the Estate of John Kenly ("Betty"), appeals the tax court's decision in favor of the Commissioner of Internal Revenue ("Commissioner") and order that the Estate must pay an estate tax deficiency in the amount of $1,837,266.00.
 
 I.
 
 3
 We review the tax court's conclusions of law de novo and findings of fact for clear error. Harbor Bancorp & Subsidiaries v. Commissioner, 115 F.3d 722, 727 (9th Cir.1997), petition for cert. filed, 66 U.S.L.W. 3338 (U.S. Nov. 3, 1997) (No. 97-766).
 
 
 4
 Whether a decedent's interest in real property at the time of death was a community property interest or the decedent's separate property is a question of State law. Morgan v. Commissioner, 309 U.S. 78, 80, 60 S.Ct. 424, 84 L.Ed. 585 (1940). Under Arizona law, whether a gift has been made, and whether a spouse intended to change the status of his property from separate to community are questions of fact. Hrudka v. Hrudka, 186 Ariz. 84, 919 P.2d 179, 189 (Ariz.App.1995); Craver v. Craver, 85 Ariz. 17, 330 P.2d 731, 733 (Ariz.1958).
 
 II.
 
 5
 The decedent acquired an interest in real property in New Mexico from his father while the decedent was married to Betty. Under Arizona community property law, the interest in the New Mexico ranch was presumed to be a community property interest. The tax court found that the gift to John Kenly (the decedent) of the joint tenancy in the New Mexico ranch was not intended to be a gift to the marital community in Arizona. This finding was supported by adequate evidence in the record and survives scrutiny under F.R. Civ. P. 52. The tax court thereby implicitly found that the Commissioner had rebutted any presumption that John's interest was acquired as community property. See Armer v. Armer, 105 Ariz. 284, 463 P.2d 818, 821 (Ariz.1970).
 
 
 6
 Moreover, the tax court did not err in finding that John's interest was acquired as separate property by virtue of Frank having gifted that interest to John alone. See id. at 823. Frank alone paid for the purchase of the New Mexico ranch, and there would have been no consequences had Betty and John failed to work the ranch. There was no documentary evidence to indicate that she and John owed Frank their labor in order to perfect a joint interest in the ranch, while there was documentary evidence showing that John Kenly acquired his interest in the New Mexico ranch as his sole and separate property. Meanwhile, the only evidence to support Betty's position consisted of self-serving and conclusory testimony before the tax court, provided by Betty and John Hughes.
 
 
 7
 In any event, a requirement that Betty and John work the ranch would not indicate that John had acquired his portion as community property, inasmuch as the value of John's joint tenancy in the New Mexico ranch far exceeded the value of his and Betty's services in working the ranch. Davis v. Davis, 149 Ariz. 100, 716 P.2d 1037, 1039-1040 (Ariz.App.1985), citing W. DeFuniak and M. Vaughn, Principles of Community Property § 70 at 159-160 (2d ed.1971).
 
 
 8
 Neither did the tax court err in finding that the character of John's interest in the New Mexico ranch or successor properties did not change to community property. Betty failed to show, by clear and convincing evidence, that John's interest changed either by operation of law or by agreement. Armer, 463 P.2d at 821; Sellers v. Allstate Ins. Co., 113 Ariz. 419, 555 P.2d 1113, 1116 (Ariz.1976); Craver, 330 P.2d at 732. Any efforts which she and John expended over the years on the New Mexico ranch or its successor properties could not serve to transmute its character from separate to community property. Honnas v. Honnas, 133 Ariz. 39, 648 P.2d 1045, 1046 (Ariz.1982); Potthoff v. Potthoff, 128 Ariz. 557, 627 P.2d 708, 713 (Ariz.App.1981). And Betty did not show that she and John agreed, at some point after acquisition of the New Mexico ranch, that it or its successor properties were to be held as community property. Rather, evidence shows numerous unfulfilled opportunities for John's interest to be identified as community property, in the form of various documents which were executed by Betty, John or his parents, indicating that the subject properties were John's sole and separate property. The tax court did not err in relying on Bender v. Bender, 123 Ariz. 90, 597 P.2d 993 (Ariz.App.1979), to give evidentiary effect to the quitclaim and disclaimer deeds which Betty signed.
 
 
 9
 Finally, Betty was not prejudiced by off the record comments made by Judge Halpern in his chambers to the effect that he found the government's witness, Robert Harman, to be not credible, inasmuch as the tax court did not appear to rely on Harman's testimony, which was unnecessary to its decision in any event.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3