169 P.3d 111

In re the Marriage of Joshua S. BELL–
KILBOURN, Petitioner/Appellee,

v.

Kari BELL–KILBOURN,
Respondent/Appellant.

No. 1 CA–CV 07–0068.

Court of Appeals of Arizona,
Division 1, Department B.

Oct. 23, 2007.

Law Office of Judith E. Abramsohn by Judith E. Abramsohn, Phoenix, Attorney for Petitioner/Appellee.

Cates, Hanson, Sargeant & Rakestraw, P.L.C. by William P. Sargeant III, Phoenix, Attorneys for Respondent/Appellant.

## OPINION

TIMMER, Judge.

¶ 1 Kari Bell–Kilbourn ("Wife") appeals from a decree of dissolution of her marriage to Joshua Bell–Kilborn ("Husband"), challenging only the family court's ruling that a house titled in Wife's name is community property. To resolve this appeal, we revisit this court's decision in *Bender v. Bender*, 123 Ariz. 90, 597 P.2d 993 (App.1979), and clarify that an owning spouse sufficiently rebuts the presumption that real property is a community asset when purchased during the marriage if the non-owning spouse executes an enforceable deed disclaiming an interest in the property at the time of acquisition. Because the family court reached the opposite conclusion, we vacate the property division provisions in the dissolution decree regarding the house and remand for further proceedings.

## BACKGROUND[1]

¶ 2 Husband and Wife married on February 15, 2000, and subsequently had two children. During the marriage, the couple decided to purchase a house and enlisted the services of Acorn Housing to assist them with obtaining necessary financing. In order to maximize the chances of obtaining financing, the parties decided to improve Wife's credit rating and then apply for a loan solely in her name. Consequently, the parties used community funds to pay all separate and community debt in Wife's name. Upon the Wife's subsequently submitted application, a lender loaned Wife money to purchase the house and repay the down payment provided by the seller. On March 24, 2003, the seller conveyed the house by warranty deed to Wife, "a married woman as her sole and separate property." The next day, Husband executed a disclaimer deed, renouncing any interest in the house and acknowledging the house as Wife's sole and separate property. Thereafter, the parties lived in the house with their children and used community funds to pay the mortgage until June 2005 when the parties separated and Husband moved from the house. Wife alone then paid the mortgage.

¶ 3 Husband filed for dissolution of the marriage on October 21, 2005. The family court held an evidentiary hearing on August 22, 2006 to resolve various issues, including the division of assets. Subsequently, the family court ruled that the house was community property, reasoning as follows:

> It seems clear that it was not the intention of either party that Husband would be gifting his interest in the residence at closing to Wife. As noted it was and still is understood that to obtain financing because of Husband's relatively poor credit only Wife would be on the deed and the note—hence the disclaimer deed.
>
> The residence is clearly community property but for the disclaimer deed and the Court now finds that in light of the parties' intent and to be fair and equitable the residence should be found to be community property notwithstanding the deed.

The court also ordered the parties to sell the house and further ordered Husband to pay Wife one-half the total mortgage payments paid by Wife since the parties' separation. Wife then filed a motion for new trial, which the family court denied. This appeal followed.

## DISCUSSION

 ¶ 4 Wife contends the family court erred by characterizing the house as community property. Specifically, she argues (1) the evidence did not support the family court's finding that the parties intended the house to be a community asset, and (2) the

---

1. We view the facts in the light most favorable to sustaining the family court's ruling. *Kohler v.* *Kohler*, 211 Ariz. 106, 107, ¶ 2, 118 P.3d 621, 622 (App.2005).

family court failed to properly consider the effect of the disclaimer deed. We review the court's distribution of property for an abuse of discretion. *Hrudka v. Hrudka,* 186 Ariz. 84, 93, 919 P.2d 179, 188 (App.1995). We review the court's classification of property as separate or community, however, de novo as a question of law. *In re Marriage of Pownall,* 197 Ariz. 577, 581, ¶ 15, 5 P.3d 911, 915 (App.2000).

¶ 5 Wife essentially argues that in the face of the warranty and disclaimer deeds, the family court erred by ruling that the house was a community asset. Husband responds that the house was presumptively a community asset because it was acquired during the marriage, *see Brebaugh v. Deane,* 211 Ariz. 95, 97–98, ¶ 6, 118 P.3d 43, 45–46 (App.2005), and Wife failed to rebut that presumption merely by pointing to the disclaimer deed. "Property takes its character as separate or community at the time [of acquisition] and retains [that] character" throughout the marriage. *Honnas v. Honnas,* 133 Ariz. 39, 40, 648 P.2d 1045, 1046 (1982). Thus, to resolve this appeal, we must determine the character of the house at the time of acquisition.

¶ 6 Both parties cite our decision in *Bender,* 123 Ariz. 90, 597 P.2d 993, to support their respective positions. In that case, Mr. Bender purchased a trailer park in his name during the marriage as his sole and separate property and his wife, Mrs. Bender, signed a disclaimer deed renouncing any interest in the park. *Id.* at 92, 597 P.2d at 995. Mr. Bender later sold the park. *Id.* During the parties' dissolution proceeding eight years later, the family court held that the balance due on the sales contract from the buyer of the park was Mr. Bender's sole and separate property. *Id.*

¶ 7 On appeal, this court rejected Mrs. Bender's contention that the family court erred in its ruling. *Id.* We reasoned that married couples are free to determine the status of their property, and the disclaimer deed constituted a binding contract that must

be enforced in the absence of fraud or mistake. *Id.* at 92–93, 94, 597 P.2d at 995–96, 997. The court acknowledged the principle set forth in *In re Sims' Estate,* 13 Ariz.App. 215, 475 P.2d 505 (1970), that spouses may convey separate and community property interests between them but only if done by a written instrument accompanied by contemporaneous conduct indicating an intent to convey such interests. *Bender,* 123 Ariz. at 93, 597 P.2d at 996. The court determined that *Sims' Estate* did not apply, however, because Mrs. Bender never had an interest in the trailer park to convey in light of her disclaimer at the time of acquisition. *Id.* at 94, 597 P.2d at 997.

¶ 8 Wife argues *Bender* is on point with this case, and we should reach the same result. Husband counters that *Bender* is distinguishable because in that case "the court found there was no transaction between the spouses since the property was purchased with husband's separate property." Because community assets were used to purchase the house in this case, Husband asserts that the house could only be Wife's separate property if Husband conveyed his community interest to her pursuant to written instrument and contemporaneous conduct demonstrating that intent. *See Sims' Estate,* 13 Ariz.App. at 217, 475 P.2d at 507. Because the evidence supported a conclusion that Husband did not intend to convey his community interest to Wife, he contends the family court properly refused to follow *Bender.*

¶ 9 We reject Husband's contention for two reasons. First, the record does not reflect that community funds were used to acquire the house. The seller advanced the down payment, which the Wife repaid at close of escrow along with the remainder of the purchase price with separately borrowed funds. Second, Husband is incorrect in stating the *Bender* decision rested on the character of the funds used to purchase the trailer park. The court did not discuss whether separate or community funds were used to purchase the park.[2] *Bender,* 123 Ariz. at 92–93, 597

---

2. The disclaimer deed in *Bender,* like the one signed by Husband, recited, "The property above described is the sole and separate property of the

spouse having been purchased with the separate funds of the spouse." 123 Ariz. at 93, 597 P.2d at 996. The court did not state whether, in fact,

P.2d at 995–96. Rather, the *Bender* court grounded its decision on the existence of the disclaimer deed as rebutting the presumption that the park was community property as it was acquired during the parties' marriage. *Id.* at 93, 597 P.2d at 996. Because Mrs. Bender did not allege she signed the disclaimer deed as the result of fraud or mistake, the court was compelled to give the deed full effect. *Id.* at 94, 597 P.2d at 997.

¶ 10 In our view, this case is governed by *Bender*, and we reach the same result. At the time the house was acquired in Wife's name, Husband disclaimed any interest in the house, executing a disclaimer deed that is virtually identical to the one in *Bender*. Husband does not claim that he executed the deed as a result of fraud or mistake. Although the parties indisputably elected to have Wife purchase the property in order to obtain financing, the reason for this election does not alter the character of the property established as Wife's separate property at the time of acquisition. Because Husband never had an interest in the house at the time of acquisition, he had nothing to convey to Wife, and the contemporaneous conduct requirement of *Sims' Estate* was never triggered.

¶ 11 In sum, we conclude, as the court did in *Bender*, that a contract existed between the parties that must be enforced. By introducing evidence of the disclaimer deed, Wife rebutted the presumption that the house was a community asset because it was acquired during the marriage, and she was not required by *Bender* to show contemporaneous conduct to demonstrate the parties' intent that she own the house as her sole and separate property. The requirement from *Bender* and *Sims' Estate* to show corroborating evidence of contemporaneous conduct only applies if the spouse claiming an interest in the property had a community or sole property interest before the transaction at issue and regardless of any community property presumption. Consequently, the family court erred by classifying the house as a community asset.

Mr. Bender purchased the trailer park with sole and separate property. *Id.* at 92–93, 597 P.2d at

¶ 12 Our conclusion does not end the matter, however. As Wife acknowledges, any community funds expended to pay the mortgage or enhance the value of the house entitled the community to a share of any equity attributable to those efforts. *Honnas*, 133 Ariz. at 40, 648 P.2d at 1046; *Drahos v. Rens*, 149 Ariz. 248, 250, 717 P.2d 927, 929 (App.1985). The issue in this case, which the family court must resolve on remand, is the extent to which Husband is entitled to share in the house's equity in view of the expenditure of community resources to maintain, repair, and/or improve the house. We therefore vacate the property distribution portion of the dissolution decree and remand for the family court to award the house to Wife as her separate property and to calculate the value of the community's expenditures on the house at the time of dissolution and then make a property distribution award that is fair and equitable under the circumstances. *Honnas*, 133 Ariz. at 41, 648 P.2d at 1047 (remanding case to trial court to determine value of the community's efforts at time of dissolution and then award one-half of that amount to non-owning spouse using value-at-dissolution formula); *Drahos*, 149 Ariz. at 250, 717 P.2d at 929 (holding value-at-dissolution formula rather than simple reimbursement required when community funds used to pay mortgage and make repairs to home owned solely by husband).

## ATTORNEYS' FEES ON APPEAL

¶ 13 Husband requests an award of attorneys' fees on appeal pursuant to Arizona Revised Statute § 25–324 (2007). The purpose of that statute is "to provide a remedy for the party least able to pay." *In re Marriage of Zale*, 193 Ariz. 246, 251, ¶ 20, 972 P.2d 230, 235 (1999). In deciding whether fees are appropriate, the court must consider the financial resources of both parties and the reasonableness of the positions taken throughout the case. *Pownall*, 197 Ariz. at 583, ¶ 26, 5 P.3d at 917. Although Husband contends his income is less than Wife's, the

995–96.

disparity is not great. Moreover, Wife took a reasonable position on appeal. For these reasons, we deny Husband's request for an award of fees. As the prevailing party on appeal, Wife is entitled to reimbursement of her costs upon compliance with Arizona Rule of Civil Appellate Procedure 21(a).

## CONCLUSION

¶ 14 For the foregoing reasons, we vacate the property division provisions contained in the dissolution decree and remand for further proceedings in accordance with this decision. In our discretion, we deny Husband's request for attorneys' fees.

CONCURRING: DANIEL A. BARKER, Presiding Judge and PATRICIA A. OROZCO, Judge.

