NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CLAUDIA CASTILLO TORRES, *Petitioner/Appellant,*

*v.*

HECTOR CASTILLO MIRAMONTES, *Respondent/Appellee.*

No. 1 CA-CV 17-0472 FC
FILED 6-19-2018

Appeal from the Superior Court in Maricopa County
No.  FN2016-003489
The Honorable William L. Brotherton Jr., Judge (Retired)

**AFFIRMED**

COUNSEL

Bert L. Roos PC, Phoenix
By Bert L. Roos
*Counsel for Petitioner/Appellant*

Kimerer & Derrick PC, Phoenix
By Teri D. McCall
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge James P. Beene joined.

---

**C A M P B E L L**, Judge:

¶1        Claudia Castillo Torres ("Wife") appeals the divorce decree in which the court awarded the Solano property to Hector Castillo Miramontes ("Husband") as his sole and separate property and ordered that the 87th Avenue property be sold with net proceeds divided equally between the parties. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Husband and Wife married in 2007, and Wife filed for divorce in 2016. At trial, Husband presented a disclaimer deed signed by Wife, disclaiming her interest in the Solano property, which was purchased in 2009. Husband also testified he provided the entire down payment from $9,000 of his sole and separate property to purchase the Solano property. Wife presented conflicting testimony claiming that when the Solano property was purchased, they were living at Husband's parents' house and he had no "money from before." While she claimed that Husband had no separate property savings upon which to obtain the down payment, she offered no alternative evidence about how the property was obtained or where the down payment came from.[1] Wife confirmed that she signed the disclaimer deed but testified that she only signed it because she did not have "legal documents" alluding to her immigration status.

¶3        With respect to the 87th Avenue property, Wife testified there was an $8,000 outstanding debt on the property resulting from a loan made by Wife's parents. Both parties agreed that the property was purchased during the marriage, and Husband affirmed that the property is community property.

---

[1] Wife acted *pro se* at trial. Although Wife is not a lawyer, she is held to the same standards as a lawyer licensed to practice law in Arizona. *Copper State Bank v. Saggio*, 139 Ariz. 438, 441 (App. 1983). Additionally, a court interpreter assisted wife at the trial.

¶4            After receiving all the evidence and testimony, the trial court found (1) the Solano property was Husband's sole and separate property, and (2) the 87th Avenue property was community property which must be sold, with the net proceeds to be divided equally.

## DISCUSSION

¶5            We review the trial court's allocation of property for an abuse of discretion; however, the classification of property as separate or community is a question of law we review de novo. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007); *see also In re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15 (App. 2000).

¶6            "Property takes its character as separate or community at the time [of acquisition] and retains [that] character" throughout the marriage. *Honnas v. Honnas*, 133 Ariz. 39, 40 (1982). There is a legal presumption that all property acquired during marriage is community property. *Sommerfield v. Sommerfield*, 121 Ariz. 575, 577 (1979). To overcome the presumption, the spouse maintaining the property is separate "has the burden of establishing the separate character of the property by clear and convincing evidence." *In re Marriage of Foster*, 240 Ariz. 99, 101, ¶ 9 (App. 2016) (citations omitted).

## I.            The Solano Property

¶7            It is undisputed that Wife signed the disclaimer deed, disclaiming "all right, title, interest, claim and demand which the undersigned might appear to have in" the Solano property. Wife argues that the trial court erred by ignoring her explanation about the motivation for signing the disclaimer deed; she had believed that her immigration status precluded her from being on the title and loan documents.

¶8            In *Bell-Kilbourn*, wife obtained a home loan solely in her name for financial reasons, and husband signed a disclaimer deed. *Bell-Kilbourn*, 216 Ariz. at 522, ¶ 2. This court determined that "[a]lthough the parties indisputably elected to have [w]ife purchase the property in order to obtain financing, the reason for this election does not alter the character of the property established as [w]ife's separate property at the time of acquisition." *Id*. at 524, ¶ 10.

¶9            The trial court properly determined the Solano property is Husband's sole and separate property under *Bell-Kilbourn*. Although the property was presumptively a community asset because it was acquired during the marriage, Husband rebutted the presumption by presenting a disclaimer deed signed by Wife. *Id*. at 523, ¶ 6; *Foster*, 240 Ariz. at 101, ¶ 9.

The nature of the property at acquisition was Husband's sole property, as evidenced by Wife's disclaimer deed. There is no evidence the parties ever attempted to change its character to community property thereafter. The reasons behind Wife's decision to sign the disclaimer deed do not alter the character of the property as Husband's separate property at the time of acquisition. *Bell-Kilbourn*, 216 Ariz. at 524, ¶ 9.

**II.        The 87th Avenue Property**

**¶10**        Next, Wife argues title to the 87th Avenue property should not determine its character, but rather that we should look to the couple's intent at the time of acquisition; namely, that this would be her house. In this vein, she contends that the parties agreed she would receive the 87th Avenue property. The 87th Avenue property was also purchased during the course of the marriage; therefore, it is presumed to be a community asset. *Sommerfield*, 121 Ariz. at 577.

**¶11**        Husband disagrees as reflected in his pretrial statement listing the 87th Avenue property as a contested issue to be addressed at trial. At trial, Husband offered to let Wife have the house if they could resolve the $8,000 outstanding debt owed on the property. Wife refused the offer and asserted Husband should pay half the debt associated with the property regardless of which party was awarded ownership of the property. The parties were unable to reach an agreement and the court ordered the 87th Avenue property be sold and the proceeds, after payment of the associated loan, be divided equally between the parties.

**¶12**        On appeal, Wife argues that the 87th Avenue house was "titled to Petitioner/Wife, presumably Husband executed a Disclaimer Deed since he was as not on the title, but . . . was not part of the trial record." Wife failed to raise this issue below or introduce any evidence of ownership, including the actual deed or a disclaimer deed signed by Husband. Therefore, this argument is waived on appeal. *See City of Tempe v. Fleming*, 168 Ariz. 454, 456 (App. 1991) ("arguments not made at the trial court cannot be asserted on appeal"); *see also Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) (specific objection is required in trial court to give court opportunity to "correct any asserted defects" before appellant claims error on review).

**¶13**        The trial court correctly identified the 87th Avenue property as a community asset. The record clearly reflects that the 87th Avenue property was purchased during the marriage, the parties did not have an

agreement to give Wife the property, and Wife presented no evidence to overcome the community presumption. *Foster,* 240 Ariz. at 101, ¶ 9.

## ATTORNEY FEES AND COSTS

**¶14**        Wife requests her reasonable attorney fees and costs pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 21.[2] Husband requests his reasonable attorney fees under ARCAP 21 and A.R.S. § 25-324. In our discretion, we decline to award attorney fees to Husband. We award costs to Husband upon compliance with ARCAP 21.

## CONCLUSION

**¶15**        For the foregoing reasons, we affirm.



---

[2] Wife failed to cite to the statutory (or other) basis for her request for attorney fees, in violation of ARCAP 21(a)(2).