NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In re the Matter of:

HABES SAWALQAH, *Petitioner/Appellee*,

*v.*

SALAM SAWALQAH, *Respondent/Appellant*.

No. 1 CA-CV 18-0226 FC
FILED 4-18-2019

Appeal from the Superior Court in Maricopa County
No. FC2016-051055
The Honorable Roy C. Whitehead, Judge

**VACATED AND REMANDED**

COUNSEL

The Law Office of Carrie M. Wilcox, Phoenix
By Carrie M. Wilcox
*Counsel for Petitioner/Appellee*

Garnice Law, PLLC, Scottsdale
By Victor A. Garnice
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge James B. Morse Jr. and Judge Jon W. Thompson joined.

---

**S W A N N**, Judge:

**¶1**　　　　This is an appeal from a dissolution decree.  The court adopted Husband's proposed consent decree despite the fact that Wife did not consent, and declined to hold a hearing to resolve the disputed issues.  Consistent with procedural due process, we vacate those portions of the decree upon which the parties did not agree and remand for an evidentiary hearing.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　In February 2016, Habes Sawalqah ("Husband") sought dissolution of his marriage to Salam Sawalqah ("Wife").  Wife filed her response to the petition for dissolution, disagreeing with many of the allegations in Husband's petition.

**¶3**　　　　The court set the case for trial on October 26, 2017.  Though the parties disagreed on several issues, they ultimately agreed to comprehensive settlement terms regarding all issues except a community lien.  They filed a notice of settlement and request to vacate trial.  The parties agreed that the community lien would be calculated and that either party could request a court hearing to resolve that issue.  The court vacated the trial set for October 2017, placed the case on the inactive calendar, and ordered the parties to submit a final consent decree or request for hearing on any disputed issues by December 22, 2017.

**¶4**　　　　Husband and Wife worked on finalizing the dissolution decree, and Husband asked the court to continue the case on the inactive calendar for an additional 60 days because he was waiting for responses to subpoenas.  Wife did not oppose the motion, and the court continued the matter on the inactive calendar for dismissal on February 26, 2018.

**¶5**　　　　In January 2018, Husband filed an affidavit of direct payment showing he paid $1,750 to Wife.  Wife then filed a request for a status conference in February 2018, alleging that numerous disputes arose regarding the parties' settlement.  The issues with the proposed lodged

2

decree and parenting plan included the community lien on one property, Husband's obligation to keep another property on the market for sale,[1] division of uncovered medical expenses, and life insurance policies. Wife argued that the parties agreed on how the community lien would be calculated, but that they needed additional documentation before the agreements could be finalized. Wife also argued that, with regard to the division of medical expenses, Husband included an equal division of uncovered expenses though Husband earns five times as much as Wife, and Wife had not agreed to pay medical expenses. Finally, Wife argued that Husband should name Child on all of his life insurance policies. Husband filed an objection to the request for status conference, arguing that Wife's request for a status conference was "entirely premature, as nothing [had] been lodged."

¶6 Husband then filed a notice of lodging decree of dissolution and parenting plan along with a consent decree of dissolution of marriage with a minor child on February 12. Wife promptly filed an objection to Husband's lodged form of decree, incorporating the same objections set forth in her request for a status conference. On February 15, the court denied Wife's request for status conference, stating "[g]ood cause not appearing."

¶7 On February 23, Husband filed a reply to Wife's objection to notice of lodging consent decree, addressing each of the contested issues. Husband replied that, with respect to the Mosier property, the parties had agreed "to a method of valuation of Wife's interest in Husband's sole and separate real property," which required Husband to prepare several subpoenas to obtain mortgage documents that Wife had in her possession. Husband admitted one of the responses was still outstanding, but argued that the lodged documents "[did] not require finalized calculations and follow[ed] the settlement discussions."

¶8 With regards to the uncovered medical expenses, Husband argued that an equal division of uncovered expenses was reasonable and that Wife's position is irrational because Husband pays for Child's living expenses, extracurriculars, entertainment, and school activities. He argues Wife has not provided insurance for Child, though she was required to and Husband made several requests for the insurance card. As for the life insurance policies, Husband argued that he only has $200,000 of available

---

[1] This issue is now moot because the property sold just before the conclusion of the six-month period, and Wife was paid $120,000 in proceeds on June 8, 2018.

life insurance benefits left for Child due to his post-polio syndrome diagnosis instead of the $400,000 Wife desired.

¶9 Wife filed a motion to strike Husband's reply, but on March 1, the court signed Husband's form of Consent Decree of Dissolution of Marriage (With Minor Child) and the incorporated parenting plan. The court did not rule on Wife's objection to the lodged form of decree. Wife appeals.

## DISCUSSION

I. THE TRIAL COURT ERRED WHEN IT DID NOT HOLD A HEARING ON CONTESTED ISSUES AND FILED A CONSENT DECREE WHERE ONLY ONE PARTY AGREED.

¶10 Wife argues that the superior court deprived her of procedural due process when it denied her request for a status conference and approved Husband's form of lodged decree and parenting plan without ruling on her objection. We agree.

¶11 To state a claim for a procedural due process violation, the plaintiff must first show she has been deprived of a protected property right. *Wallace v. Casa Grande Union High Sch. Dist. No. 82 Bd. of Governors*, 184 Ariz. 419, 429 (App. 1995). Because due process matters are issues of law, we review them de novo. *Mack v. Cruikshank*, 196 Ariz. 541, 544, ¶ 6 (App. 1999).

¶12 Here, Wife has an interest in real property and money that constitutes a protected property right. Though Husband argues that Wife prematurely filed her request for a status conference and that the court was not required to hold a conference, due process requires the court, when factual disputes exist, to "afford the parties an opportunity to present sworn oral testimony, and [ ] not rely solely on avowals of counsel." *Volk v. Brame*, 235 Ariz. 462, 464, ¶ 1 (App. 2014).

¶13 The superior court should have awarded Wife the chance to have a hearing on contested issues. In its order placing the matter on the inactive calendar, the court ordered the parties to submit a final consent decree or request a hearing on any disputed issues. Wife promptly requested a hearing once she realized Husband was about to file his proposed decree of dissolution that purported to resolve by agreement issues that were actually in dispute. Wife also objected to Husband's proposed decree of dissolution, naming the same reasons as in her request for status conference. Because Wife alerted the court that contested issues

remained, a hearing was necessary to resolve the dispute unless the issues could be resolved as pure matters of law.

¶14          Generally, if the two parties agree to the terms of a dissolution, they may obtain a consent decree. Ariz. R. Fam. Law P. ("ARFLP") 45(a). Both parties must sign the consent decree before filing. *Id.* at (b)(4). But here, only Husband signed the proposed consent decree before the court adopted it. We see no basis upon which the court could enter a decree that was not agreed upon without affording the parties the opportunity to present evidence on their disputes. Because the remaining issues concerned property, division of medical expenses, and life insurance, Wife should have been allowed to present her argument at a hearing. *See Volk*, 235 Ariz. at 466–67, ¶ 14. We therefore vacate the decree and remand for an evidentiary hearing on the contested issues.

II.       WIFE IS ENTITLED TO ATTORNEY'S FEES AND COSTS ON APPEAL BECAUSE SHE IS THE PARTY LEAST ABLE TO PAY.

¶15          Wife requests attorney's fees and costs on appeal under ARCAP 21 and A.R.S. § 25-324. Wife argues Husband enjoys far greater financial resources than she does. The purpose of § 25-324 is to "provide a remedy for the party least able to pay." *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 524, ¶ 13 (App. 2007) (citation omitted). We must therefore consider the financial positions and the reasonableness of the positions of both parties. *Id.* We cannot say Husband took an unreasonable position on appeal. However, there is great disparity between Husband and Wife's incomes. Wife has a gross income of $3,466.67 per month, while Husband earns $16,344 per month. Because Wife is least able to pay, we grant Wife's request for an award of fees and she is entitled to reimbursement of her costs upon compliance with ARCAP 21(a).

**CONCLUSION**

¶16          For the foregoing reasons, we vacate the relevant portions of the court's decree and remand for further proceedings.

