NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

TYLER J. THOMAS, *Petitioner/Appellee*,

*v.*

TERESA M. THOMAS, *Respondent/Appellant*.

No. 1 CA-CV 21-0745 FC
FILED 9-6-2022

Appeal from the Superior Court in Maricopa County
No. FC2020-053559
No. FN2020-051457
The Honorable Scott A. Blaney, Judge

**AFFIRMED**

COUNSEL

The Sampair Group PLLC, Glendale
By Patrick S. Sampair
*Counsel for Petitioner/Appellee*

The Hogle Firm, PLC, Mesa
By Nathan Hogle
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Peter B. Swann joined.

---

**P A T O N**, Judge:

**¶1** Teresa M. Thomas ("Mother") appeals the superior court's ruling denying her motion to alter or amend a dissolution decree and granting judgment for attorneys' fees in favor of Tyler J. Thomas ("Father"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** The superior court dissolved the parties' marriage and entered a final dissolution decree, wherein the child support calculation excluded childcare expenses paid by Mother and used a lower figure for Father's income than that requested by Mother. The court also apportioned community debts that excluded several debts listed by Mother on her Affidavit of Financial Information ("AFI") and awarded $5,000 in attorneys' fees against Mother based on its finding that she acted unreasonably during litigation.

**¶3** The superior court entered final judgment granting Father attorneys' fees. Mother timely filed a motion to alter or amend the decree, which the court denied. We have jurisdiction over Mother's timely appeal under Arizona Revised Statutes § 12-2101(A)(1) and (2).

## DISCUSSION

### I.   Child-Support Calculation

**¶4** We review a child support award for abuse of discretion. *Kelsey v. Kelsey*, 186 Ariz. 49, 53 (App. 1996). A court abuses its discretion when the record lacks competent evidence to support its decision. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999). We will not reweigh conflicting evidence and will affirm if substantial evidence supports the court's decision. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). We review the record "in the light most favorable to upholding" the court's decision. *Milinovich v. Womack*, 236 Ariz. 612, 615, ¶ 7 (App. 2015).

## A. Childcare Expenses

¶5        Mother argues the superior court erred in calculating child support because it omitted her childcare expenses.  The Arizona Child Support Guidelines are permissive as to the consideration of childcare costs in the child support calculation.  A.R.S. § 25-320 app. ("Guidelines") § 9(B)(1) (2018) (stating that the superior court "[m]ay add to the Basic Child Support Obligation amounts for . . . [c]hildcare expenses that would be appropriate to the parents' financial abilities.").

¶6        Mother suggests the superior court improperly punished her for signing the children up for childcare/preschool without Father's permission because it commented that Mother's actions were outside the bounds of joint legal decision-making authority.  We disagree with Mother's characterization.  In addition to requesting that current childcare expenses be included in the child support calculation, Mother also asked the court to order Father to reimburse her for past childcare expenses, which the court ultimately denied because Mother unilaterally enrolled the children in daycare.  Mother does not challenge the court's denial of reimbursement for past childcare expenses on appeal.  We do not presume that the court's reasoning for denying past childcare expenses applies to its decision not to include ongoing childcare expenses in the child support calculation.  The court did not give a reason for excluding childcare expenses and it was not required to do so.  Guidelines § 9(B)(1).

¶7        Mother argues the superior court erred because the only way she can work is to pay someone to watch the children and her undisputed childcare expenses are approximately $2,000 per month.  Considering this court's obligation to review the record with an eye to upholding the superior court's ruling, *Milinovich*, 236 Ariz. at 615, ¶ 7, we find the record supports the discretionary ruling not to include childcare expenses.  At the time of the evidentiary hearing in this case, both children were under the age of five.  Even though Mother presented evidence of her recent employment and childcare expenses and Father offered to pay his half of the amount of childcare expenses that the court found reasonable, Mother testified she was not actually working at the time of the hearing due to injuries suffered in a recent car accident.  Mother also testified that her workers' compensation benefits had not "kicked in for over a month" and she was "working on it."

¶8        Consistent with Mother's testimony, the court found that Mother was not working at the time of the hearing.  But it also found Mother provided no credible evidence of the car accident or any resulting

physical limitations and concluded that Mother was intentionally unemployed or underemployed. Mother did not challenge this finding. On this record, it was not an abuse of discretion for the court to choose to omit childcare expenses in the child support calculation given Mother's ability to care for her own young children during her parenting time without incurring childcare expenses. Guidelines § 9(B)(1).

**B. Father's Gross Income**

**¶9** Mother argues the superior court erred in calculating child support by using $8,275.39 monthly or $99,304.68 annually as Father's gross income, an amount for which she claims there was no evidence. We "defer to the family court's determinations of witness credibility and the weight given to conflicting evidence." *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019). Father's June 2021 AFI, which was admitted into evidence at the evidentiary hearing, listed his 2020 income as $133,739.94 annually, or $11,145.00 monthly, his 2019 annual income as $99,304.64, and his then-current gross monthly income in 2021 as $6,179.33. Father testified he was going to make less in 2021 than in 2020. He guessed that his overall gross pay in 2021 would be between $110,000 to $115,000 (between $9,166 to $9,583 monthly) but also testified he made $6,179 gross monthly, consistent with the amount stated in his June 2021 AFI. He further testified that his monthly gross paycheck in 2021 was more than $6,000. Given the conflicting evidence, the court acted within its discretion to use Father's 2019 income as stated in his AFI in the child support calculation.

**II. Community Debt**

**¶10** Mother also contends the superior court erred in failing to apportion certain alleged community debt listed in her AFI. We review the allocation of community debts for an abuse of discretion, but the classification of the debt as separate or community is a question of law that we review de novo. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007).

**¶11** Mother argues there was never any dispute over the marital debts and because she was pressed for time at trial, she relied on her AFI to establish the smaller debts. The court equitably divided those two debts but did not include the other debts in her AFI as part of the community debt because Mother "did not provide credible evidence as support for the existence of the debts, the amount of the debts, or the community nature for the debts."

**¶12** Mother admitted at the hearing that she introduced no other statements supporting the other debts into evidence and she was not surprised that Father did not know about those debts because the bills came to her. Although Mother is correct that the court was permitted to consider her AFI as evidence under Arizona Rule of Family Law Procedure 2(d), it was in the court's discretion to find that Mother did not establish the community nature or amount of debt based on the evidence presented. *See Lehn*, 246 Ariz. at 284, ¶ 20 ("[W]e do not reweigh evidence but defer to the family court's determinations of witness credibility and the weight given conflicting evidence").

### III. Attorneys' Fees and Costs

**¶13** Finally, Mother argues the superior court erred in awarding attorneys' fees to Father, challenging the court's finding that she acted unreasonably during litigation. We review an award for attorneys' fees under A.R.S. § 25-324 for abuse of discretion. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 351, ¶ 32 (App. 1998).

**¶14** In awarding attorneys' fees, courts may consider the reasonableness of the parties' positions, including settlement positions. *See* A.R.S. § 25–324. Here, the superior court found that Mother was unreasonable in failing to engage in good faith settlement negotiations after admonishment, refusing to respond to settlement offers after the resolution management conference, and rejecting Father's settlement offer without explanation. The record supports this finding. The court did not abuse its discretion in finding that Mother acted unreasonably.

### CONCLUSION

**¶15** For the foregoing reasons, we affirm the superior court's ruling. We award costs to Father upon compliance with Arizona Rule of Civil Appellate Procedure 21. In our discretion, we deny Father's request for attorneys' fees on appeal.



AMY M. WOOD • Clerk of the Court
FILED: AA

5