NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

DEBORAH JACKSON, *Petitioner/Appellee*,

*v.*

LARRY JACKSON, *Respondent/Appellant*.

No. 1 CA-CV 24-0091 FC

FILED 10-03-2024

Appeal from the Superior Court in Yuma County
No. S1400DO202200992
The Honorable Nathaniel T. Sorenson, Judge

**AFFIRMED**

COUNSEL

Law Office of Amanda J. Taylor, Yuma
By Amanda J. Taylor
*Counsel for Petitioner/Appellee*

Larson Law Office, PLLC, Mesa
By Robert L. Larson
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Anni Hill Foster joined.

---

**P A T O N**, Judge:

¶1        Larry Jackson ("Husband") appeals the superior court's dissolution decree ending his marriage to Deborah Jackson ("Wife"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Husband and Wife married in September 1973. They purchased a home in Iowa during their marriage. But they lived separately for the eighteen years preceding the dissolution proceeding. Husband remained in Iowa, while Wife moved to Arizona. Wife purchased a home in Yuma in May 2012, and the seller conveyed the house by special warranty deed to Wife, "a married woman, as her sole and separate property." Husband signed a disclaimer deed, acknowledging the house as Wife's sole and separate property purchased with her separate funds and renouncing any interest in the house.

¶3        Wife petitioned for dissolution in October 2022. The superior court held a one-day trial in November 2023. Wife testified that the down payment funds for the Yuma home came exclusively from an inheritance from her mother, and the mortgage was not paid for with community funds. Husband testified that he may have provided $8,000 from his pension for the Yuma home down payment and disputed that Wife's inheritance of $53,000 was a sufficient amount to pay for the down payment and mortgage payments without the use of community funds.

¶4        Following trial, the superior court entered its dissolution decree, awarding the Yuma home to Wife as her sole and separate property. It also awarded Wife her 401(k) and financial accounts held solely in her name. It awarded Husband the Iowa home, his pension, and financial accounts held solely in his name. It equally divided stocks and bank accounts held in both parties' names. It ordered each party to pay their individual debts and equally divided the debts held in both parties' names. It awarded each party the personal property items held in their possession,

except for a cuckoo clock it awarded to Wife which Husband did not contest.

**¶5**        Husband timely appealed.   We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(1).

## DISCUSSION

**¶6**        Husband contends the superior court erred by (1) failing to find the Yuma home was community property, or in the alternative, that the marital community had an equitable lien on the home, and (2) not equally dividing community property.

### I.        The court properly determined the Yuma home was Wife's sole and separate property.

**¶7**        We review the record in the light most favorable to upholding the superior court's determination of the nature of property as community or separate. *See Cooper v. Cooper*, 130 Ariz. 257, 260 (1981).

**¶8**        Husband first contends that the superior court erred by failing to find that the Yuma home was community property.  We review the superior court's characterization of property de novo.  *Helland v. Helland*, 236 Ariz. 197, 199, ¶ 8 (App. 2014).

**¶9**        In a dissolution proceeding, the superior court must assign each spouse his or her sole and separate property and must equitably divide the community property.  A.R.S. § 25-318(A).  "Property takes its character as separate or community at the time [of acquisition] and retains [that] character" throughout the marriage.  *Honnas v. Honnas*, 133 Ariz. 39, 40 (1982).  Property acquired during a marriage is presumed to be community property unless an exception—neither of which the parties contend is relevant here—applies.  A.R.S. § 25-211(A); *see Cockrill v. Cockrill*, 124 Ariz. 50, 52 (1979).  "[T]he spouse seeking to overcome the presumption has the burden of establishing the separate character of the property by clear and convincing evidence."  *Schickner v. Schickner*, 237 Ariz. 194, 199, ¶ 22 (App. 2015).

**¶10**        A signed disclaimer deed rebuts the community property presumption and is a binding contract that must be enforced, absent fraud or mistake.  *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523–24, ¶¶ 7, 11 (App. 2007).  A party challenging a disclaimer deed must identify that challenge as a contested issue in his pretrial statement to properly preserve it for trial.  *See* Ariz. R. Fam. Law P. 76.1(g)(6); *Leathers v. Leathers*, 216 Ariz.

374, 378, ¶ 19 (App. 2007) (construing an identical provision in the civil rules). And mistake or fraud must be pled affirmatively and proved by clear and convincing evidence. *Bender v. Bender*, 123 Ariz. 90, 94 (App. 1979); *Femiano v. Maust*, 248 Ariz. 613, 616, ¶ 10 (App. 2020), *disapproved of on other grounds by Saba v. Khoury*, 253 Ariz. 587, 593, ¶¶ 18–19 (2022).

**¶11**      Here, Wife introduced evidence of the disclaimer deed, rebutting the presumption that the house was community property, and the deed must be enforced absent fraud or mistake. Husband acknowledged in the deed that the Yuma home was Wife's separate property and disclaimed any interest in the home, which is sufficient to uphold the superior court's finding that the home is Wife's sole and separate property. This is true whether Husband provided funds for the down payment, *see Bell-Kilbourn*, 216 Ariz. at 523-24, ¶¶ 8-10 (whether the assets used to purchase the property were separate or community property is not relevant to whether a valid, unambiguous disclaimer deed makes the property separate), or community funds were used to pay the mortgage. *See Potthoff v. Potthoff*, 128 Ariz. 557, 561 (App. 1981) (property purchased on credit that acquires status of separate property retains that status regardless of whether community or separate funds are used to pay debt).

**¶12**      Husband argues for the first time on appeal that the disclaimer deed was the result of mistake. But because he did not raise this issue before the superior court, he has waived this argument on appeal. *See Nold v. Nold*, 232 Ariz. 270, 273, ¶ 10 (App. 2013) ("we agree with the general proposition that, when a party fails to raise an issue before the [superior] court, the issue is waived on appeal[.]"). The superior court did not err by finding the Yuma home was Wife's sole and separate property.

## II. The superior court properly determined that the marital community was not entitled to an equitable lien.

**¶13**      Husband alternatively contends that the superior court should have awarded the marital community an equitable lien on the Yuma home. "The existence and the value of an equitable lien present mixed questions of fact and law." *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11 (App. 2010). "[W]e defer to the [superior] court's factual findings but review legal conclusions de novo[.]" *Saba*, 253 Ariz. at 590, ¶ 7. And "[w]e view the evidence in the light most favorable to upholding the [superior] court's judgment." *Id.* We defer to the superior court's credibility determinations and the weight it gave to any conflicting evidence. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998).

¶14        An equitable lien reimburses the marital community for its contributions to a spouse's separate property. *Saba*, 253 Ariz. at 590, ¶ 8. It can attach to a spouse's separate property despite the existence of a valid disclaimer deed. *See Bell-Kilbourn*, 216 Ariz. at 524, ¶¶ 11, 12. But the spouse asserting an interest in the other spouse's separate property bears the burden of proving the community is entitled to an equitable lien. *See Whitt v. Meza*, 257 Ariz. 149, 158, ¶ 38 (App. 2024).

¶15        Here, Husband had the burden of proving the community's interest in Wife's separate property. But he failed to offer any evidence as to the amount of community funds expended on the mortgage. He provided no documentation to support this argument; he only attacked the credibility of Wife's testimony that she paid for the home with her separate funds. Husband admits that "[t]here is nothing in the record to prove" his claim and, therefore, "the court only had the contradictory testimony of the parties to rely on." By awarding the Yuma home to Wife as her sole and separate property, the superior court presumably found Husband less credible than Wife on this issue, a determination we will not revisit. *See Gutierrez*, 193 Ariz. at 347, ¶ 13 ("We will defer to the [superior] court's determination of witnesses' credibility and the weight to give conflicting evidence."). The superior court did not err in rejecting Husband's claim that the community was entitled to an equitable lien on the Yuma home.

### III.    The superior court did not abuse its discretion by not equally dividing the parties' community property.

¶16        Husband next argues that the superior court erred by failing to equally divide all the community property. The superior court's "apportionment of community property will not be disturbed on appeal absent an abuse of discretion." *Gutierrez*, 193 Ariz. at 346, ¶ 5. We view the record in the light most favorable to sustaining the superior court and will affirm if the court's order is reasonably supported by the evidence. *Id.*

¶17        As mentioned above, the superior court must assign each spouse his or her sole and separate property and must equitably divide the community property in a dissolution proceeding, "though not necessarily in kind[.]" A.R.S. § 25-318(A). "'Equitable' means just that—it is a concept of fairness dependent upon the facts of particular cases." *Toth v. Toth*, 190 Ariz. 218, 221 (1997). Generally, community property "should be divided substantially equally unless sound reason exists to divide the property otherwise." *Id.* And although typically an equal distribution of community property will be the most equitable, the superior court is not "bound by any per se rule of equality," and has "discretion to decide what is equitable in

each case." *Id.* In other words, the court is not required to make an "absolutely equal" community property distribution so long as the distribution is equitable. *Nesmith v. Nesmith*, 112 Ariz. 248, 252 (1975).

**¶18** Here, the superior court equally divided the parties' jointly-held stocks and financial accounts. It awarded the Yuma home to Wife as her separate property, so Husband was not entitled to half of it. The court chose not to equally divide the Iowa home Husband resides in, although it determined it was community property, and awarded it solely to Husband. And it awarded each spouse their respective retirement accounts, meaning Husband did not receive any portion of Wife's retirement accounts and Wife did not receive any portion of his.

**¶19** Under the unique circumstances of this case—namely that Husband and Wife had lived separately for the eighteen years preceding the dissolution proceeding, residing in separate states and homes—it was not error for the court to allocate the property in this way. Given that Husband received the Iowa home in its entirety despite the court's determination that it was community property, and that each party maintained 100% of their individual retirement accounts, Husband has not shown that the court's failure to equally split every community asset down the middle was inequitable or unfair. Although the court did not equally divide every individual community property item, it overall made a substantially equal distribution of the community property. *See Miller v. Miller*, 140 Ariz. 520, 522 (App. 1984) (the court's distribution of community property "need not be in kind or exactly equal, but must result in substantial equality.").

**¶20** Husband faults the superior court for not explaining the reasoning for its division of assets in the decree. He states it "could potentially be argued that the court was offsetting [the] value of the 401(k) account against other property awarded to Husband," but it needed to explain why it believed "the division was equal or close to equal." But the superior court is not required to expressly state its findings of fact or conclusions of law unless a party asks it to, and Husband made no such request. *See* Ariz. R. Fam. Law P. 82(a)(1) (requiring the court to make express findings of fact and conclusions of law "[i]f requested before trial"); *Bender*, 123 Ariz. at 92. And here, the court found that its "distribution of assets and debt are fair and equitable to each party and are appropriate based on the evidence and testimony presented." We cannot say the court abused its discretion.

**¶21** Wife requests attorneys' fees under Section 25-324. We decline to award her attorneys' fees. As the prevailing party, Wife is entitled to her taxable costs on appeal after her compliance with Arizona Rules of Civil Appellate Procedure 21.

**CONCLUSION**

**¶22** We affirm.

