NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

LAURA LEE STALLINGS, *Petitioner/Appellee,*

*v.*

TED ELWOOD STALLINGS, *Respondent/Appellant.*

No. 1 CA-CV 24-0237 FC

FILED 12-05-2024

Appeal from the Superior Court in Maricopa County
No. FC2021-093831
The Honorable Charlene D. Jackson, Judge

**AFFIRMED**

COUNSEL

Modern Law PLLC, Mesa
By Heather N. Pelaez
*Counsel for Petitioner/Appellee*

The Arizona Firm, Mesa
By Jessica Ann McCann
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**C A T T A N I**, Judge:

¶1 Ted Stallings ("Husband") appeals the allocation of one-half of his Post-Employment Health Plan ("PEHP") and a $10,000 judgment to Laura Stallings ("Wife") in the parties' dissolution decree. For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 The parties married in 1994, and Wife petitioned for legal separation in August 2021. Husband moved to convert the separation petition to a dissolution proceeding in December 2022.

¶3 During the marriage, Husband worked for the City of Tempe. As part of his compensation, Husband received a retirement benefit called a PEHP, a tax-free trust account that pays for qualified health care expenses incurred by the employee, spouse, and qualified dependents after retirement. *See generally* I.R.C. § 501(c)(9) (recognizing voluntary employees' beneficiary associations as tax exempt organizations).

¶4 The parties agreed that the PEHP could not be liquidated or divided by a domestic relations order. According to Wife's expert, the community portion of the PEHP was $94,931.60. Husband argued that the PEHP was not a community asset because community funds were not paid into it and that the court could not allocate it. The court found the PEHP was community property and the community's interest was $94,931.50. The court ordered Husband to pay half that amount to Wife.

¶5 In 2005, the parties sold their marital home. According to Wife, they then moved into and planned to purchase a home Husband's parents owned. Husband told Wife he used $20,000 in sale proceeds from their marital home as a down payment to his parents, and they then made payments intending to buy the home under a rent-to-own arrangement. At trial, however, Husband claimed he was mistaken about the rent-to-own plan and that he hoped to eventually inherit the home instead. The superior

court credited Wife's testimony and awarded her $10,000 for her share of the amount paid ostensibly as a down payment to Husband's parents.

¶6        In 2016, Husband withdrew around $173,000 from his retirement account without Wife's knowledge. Wife claimed Husband spent a large portion of this money without her knowledge or consent. The superior court awarded Wife $13,840.98 as her share of the retirement funds for which Husband could not account.

¶7        After the superior court signed qualified domestic relations orders, Husband timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶8        We review the superior court's allocation of property for an abuse of discretion; however, the classification of property as separate or community is a question of law we review de novo. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007).

## I.        Community's Interest in the PEHP.

¶9        Husband now concedes that the PEHP is community property, but he argues that the superior court erred by failing to calculate the present cash value of the PEHP. He contends a present cash valuation was required, citing *Koelsch v. Koelsch*, 148 Ariz. 176, 183 (1986), which held that "[a]nytime a benefit is matured and payable, . . . the method of division must be based on a determination of present value." But neither party presented evidence of the present cash value of the PEHP benefits. Wife's expert testified that the community's interest in the PEHP account was $94,931.60 but did not calculate a present cash value. Husband did not provide an alternative valuation, nor did he argue that the court was required to determine the present value of the PEHP.

¶10        By not raising this argument at trial and by not providing an alternative valuation, Husband waived his objection to the lack of a present cash value calculation. *Paloma Inv. Ltd. P'ship v. Jenkins*, 194 Ariz. 133, 137, ¶ 17 (App. 1998) (appellate court will not consider new arguments raised for first time on appeal that were not presented to the superior court). Moreover, courts are not limited to a present cash value method when dividing a community retirement asset and "should be 'as creative and flexible as possible' to ensure that the non-employee spouse will get her share of the benefits and avoid making the employee-spouse retire against his wishes." *Hoobler v. Hoobler*, 254 Ariz. 130, 138, ¶ 16 (App. 2022) (quoting

*Koelsch*, 148 Ariz. at 185). Accordingly, based on the evidence provided, the court did not abuse its discretion by accepting Wife's valuation without calculating the present cash value of the PEHP. *See Miller v. Miller*, 140 Ariz. 520, 523 (App. 1984) (holding court did not abuse its discretion by using an alternative method of evaluation because the parties failed to present evidence of the present cash value of a retirement plan).

## II.    Reimbursement for $20,000 "Down Payment."

¶11         As noted above, the parties offered conflicting testimony regarding whether they intended to purchase a home from Husband's parents. The superior court found it more likely that the parties initially made a down payment and paid rent to Husband's parents with an intent to buy the home, and that Husband later decided it was in his best interests to inherit the home rather than owning it jointly with Wife. The court concluded that given the lack of documentation showing the community had any ownership interest in the home, the home was not a community asset, so Wife was entitled to be reimbursed $10,000 for her share of the "improper" down payment to Husband's parents. *See* A.R.S. § 25-318(C).

¶12         Husband argues that Wife offered no evidence to corroborate her testimony about the source of $20,000 down payment. Husband contrasts the court's award of an equalization award for the down payment with the equalization payment awarded based on his unexplained expenditures of community retirement funds. Husband argues that the superior court "double-counted" these expenditures by awarding a judgment to Wife for both. But there were two separate claims for waste under § 25-318(C). The first involved the $20,000 down payment, and the second involved Husband's withdrawal of $173,000 of retirement funds without Wife's knowledge or consent. As to the latter, Husband showed that he spent all but $27,681.96 of the retirement funds on community expenses, so the court ordered a $13,840.98 equalization payment to Wife to account for community waste.

¶13         Husband argues that the only evidence relating to the down payment was Wife's uncorroborated testimony, whereas Wife proved his withdrawal and expenditure of retirement funds with bank records. Husband contends, without citing any authority, that the court "double-counted" when it relied on Wife's testimony as to the down payment, while relying on bank records for the retirement funds. But Husband did not present evidence that the $20,000 down payment came from the unaccounted-for retirement funds, and the evidence showed that the $20,000 came from the sale of the parties' marital home in 2005, whereas the

unexplained expenses occurred in 2016 and early 2017 after Husband withdrew funds from his retirement account. Accordingly, Husband has not established double counting.

**CONCLUSION**

¶14         We affirm.

¶15         Wife seeks an award of attorney's fees and costs on appeal under A.R.S. §§ 25-324, 12-349, and 12-341. In the exercise of our discretion under § 25-324, after considering the parties' financial disparity and Husband's unsupported arguments on appeal, we grant Wife an award of attorney's fees on appeal upon compliance with ARCAP 21. Wife is also entitled to her costs on appeal under § 12-342(A).



AMY M. WOOD • Clerk of the Court
FILED:    AGFV