329 P.2d 882

**William ISENBERG et al., Appellants,**

**v.**

**Walter LEMON, dba Red Lemon Colors,
Appellee.**

No. 6376.

Supreme Court of Arizona.

Sept. 24, 1958.

Burton Lewkowitz, Phoenix, and John B. Marron, Phoenix, for appellants.

Hughes & Vinson, Phoenix, for appellee.

PHELPS, Justice.

The court is unanimously of the opinion that the writer of the original opinion in this case erred in treating the action of the trial judge in deducting $3,800 from a $31,800 verdict returned by the jury in favor of Lemon as a judgment in favor of the Isenbergs to the extent of $3,800. As a matter of law it amounted to no more than an

offset on the verdict and judgment in favor of Lemon, that is, instead of the verdict remaining $31,800, as fixed by the jury, the court, on its own motion, reduced it to $27,000.

The case was reversed upon the ground of the insufficiency of the evidence to sustain the verdict and judgment. We are still of this view notwithstanding the assertion of counsel for Lemon that, his cause of action is based upon loss of good will and not loss of profits. We recognized in our original opinion that it is the rule that damages based upon loss of good will do not admit of nor require the precision that is required in proving loss of profits (citing cases), but the law does require the best proof available to establish damages claimed for loss of good will. Lemon relies in this case, in part, on loss of sales which he says is a loss of good will because loss of sales causes a loss of profits, and Mrs. Lemon testified at one time that the loss of profits was about $28,000, and at another time that the loss of *net* profit was about $10,000. In any event, it is clear that loss of profits is one of the major elements relied upon by plaintiff in establishing the damages suffered by him as a result of the loss of good will. The amount of profits lost are capable of being established to a reasonable degree of certainty. Contrary to what we stated in the original opinion (which we treated primarily as an action for loss of profits), loss of profits may be shown without further amendment of Lemon's complaint.

We definitely hold that Isenbergs, under the circumstances, are not now entitled to a judgment in any amount except for costs on appeal, and that the last paragraph of our original opinion should read: Judgment is reversed and the case is remanded for a new trial solely upon the question of damages on the complaint and for trial on all issues on the counterclaim.

UDALL, C. J., and WINDES, STRUCKMEYER, and JOHNSON, JJ., concurring.