541 P.2d 556

**William T. ATKINSON, Appellant,**

v.

**Paul E. MARQUART, Appellee.**

**No. 11758.**

Supreme Court of Arizona,
In Banc.

Oct. 23, 1975.

Rehearing Denied Nov. 18, 1975.

Evans, Kitchel & Jenckes, by F. Pendleton Gaines, III, Phoenix, for appellant.

Scoville & Hofmann by Harold R. Scoville, Leroy W. Hofmann, Phoenix, for appellee.

HOLOHAN, Justice.

This action arose out of a dispute between the sole stockholders of a small corporation. The case was tried to the court, and judgment for $7,500 was rendered against the appellant Atkinson. This appeal followed. This Court assumed jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

Appellant Atkinson formed a partnership with appellee Marquart entitled A & M Rifle Co. in 1953. The partnership engaged in the business of custom rifle manufacture and repair.

In 1964 the partners formed a corporation entitled A & M Rifle Co., Inc. which took over the assets of the partnership. The partners became the sole stockholders, directors and officers of the corporation, and they continued to engage in the business previously operated by the partnership.

A few years after the formation of the corporation, the owners became embroiled in a controversy concerning the activities of appellant. It culminated in the present action in which Marquart sued Atkinson alleging that Atkinson had damaged the business of the corporation; Atkinson denied the allegations and counterclaimed for dissolution of the corporation.

Both parties ultimately agreed to the dissolution of the corporation, and that has occurred. The issues in dispute relate solely to the actions of the trial court in entering judgment against Atkinson.

The trial court found that the defendant while an officer of the corporation, committed the following acts:

1. Engaged in a separate business of the same or similar nature as that of the corporation for his own personal gain and in that regard used the name, equipment, facilities and good will of the corporation for that purpose and did negotiate with third persons in that individual effort.

2. Failed to devote full time and attention to the business of the corporation.

3. Falsely, wilfully and deliberately reported to customers and persons seeking to

do business with the corporation that the corporation was no longer in a position to render the services requested, nor to do the work theretofore performed by the corporation.

4. That the corporation and precedent company had over the years built a reputation for fine craftsmanship within and without the State of Arizona.

5. That the acts of the defendant aforementioned did damage to the public image and good will of the corporation causing loss of business and consequent profits.

The trial court concluded as a matter of law that the defendant violated his fiduciary responsibility to Marquart and the corporation, and that the breach gave Marquart, as a stockholder of the corporation, a claim for relief.

Defendant's contentions in this appeal can be distilled into two basic propositions: that he did not breach any duty owing to the corporation or to Marquart; and that there was insufficient factual basis in the record to support the amount of the judgment.

In Arizona a director of a corporation owes a fiduciary duty to the corporation and its stockholders. *Nordin v. Kaldenbaugh,* 7 Ariz.App. 9, 435 P.2d 740 (1967); *Hatch v. Emery,* 1 Ariz.App. 142, 400 P.2d 349 (1965); *Steinfeld v. Nielsen,* 15 Ariz. 424, 139 P. 879 (1913). This duty is in the nature of a trust relationship requiring a high degree of care on the part of the director. *Hatch v. Emery, supra; Kenton v. Wood,* 56 Ariz. 325, 107 P.2d 380 (1940); *Steinfeld v. Nielsen, supra.* This Court has recognized the general rule that a director does not breach his fiduciary duty so long as he acts honestly and in good faith and breaches no specific duty owing to the corporation. *Tovrea Land and Cattle Company v. Linsenmeyer,* 100 Ariz. 107, 412 P.2d 47 (1966). Atkinson contends that he has not breached any duty owing to the corporation or to the stockholders.

A review of the record discloses that there is substantial evidence to support the trial court's findings that the defendant not only engaged in a separate business of the same or substantial nature as that of the corporation in the pursuit of his own personal gain, but he also used the name, equipment, facilities and good will of the corporation for that purpose. Further, Atkinson, by his statements and acts, caused the corporation to lose business and suffer some loss of its former reputation as a shop of fine craftsmanship.

Findings which are supported by reasonable evidence or are based on a reasonable conflict of evidence will not be disturbed on appeal. *O'Hern v. Bowling,* 109 Ariz. 90, 505 P.2d 550 (1973). The findings strongly support the conclusion that the defendant did not conduct his relations with the corporation and its other stockholder in good faith. It is not the fact of engaging in a competing business that gives rise to liability. It is the additional circumstances which show a course of conduct of causing deliberate injury to the business and reputation of the corporation that supports a finding of bad faith and resulting liability.

Since it is clear that Atkinson violated his duty to the corporation and the other stockholder, it is unnecessary to discuss the issue of whether the provisions of the original partnership agreement providing for a "no competition" provision were merged or continued into the corporation. In view of our holding this issue is moot.

Atkinson's remaining contention is that the plaintiff's testimony that the defendant's acts or omissions caused a decrease of the corporation's "good will" was legally insufficient to sustain a judgment in favor of the plaintiff in the sum of $7,500.00.

In addressing this question we must start from the proposition that once the fact of damage is established, proof of the amount thereof may be established with some lesser degree of certainty. *Harris Cattle Co. v. Paradise Motors, Inc.,* 104 Ariz. 66, 448 P.2d 866 (1968). Damages resulting from the loss of good will need not be proved with mathematical precision but rather only the best evidence of damages is required. *Isenberg v. Lemon,* 84

Ariz. 340, 327 P.2d 1016, amended on rehearing, 84 Ariz. 364, 329 P.2d 882 (1958).

The record discloses that Atkinson was responsible for the cancellation of orders for work, that he caused work to be delayed, and that he made statements suggesting that the corporation was no longer able to offer the nature and quality of services that it had in the past. These facts demonstrate that the corporation was injured financially; therefore the only issue becomes whether there is sufficient evidence in the record to justify the amount of the money judgment.

Admittedly, there is not an overabundance of factual evidence in the record to illustrate the valuation of the good will of the corporation prior to and subsequent to the wrongful actions of the defendant. However, one aspect of this problem is attributable to the difficulty of the precise evaluation of the asset of the good will of a corporation. We have recognized this fact implicitly in our recognition of the differing standards necessary for the proof of loss of profits versus proof of loss of good will. *Isenberg v. Lemon, supra.* In *Lemon* we noted that the minimum necessary to sustain a judgment founded on the loss of good will was the best proof available.

■ The sole evidence presented on the valuation of the corporation's loss of good will was by appellee Marquart. As an officer, director, and shareholder of the corporation Marquart could be considered an owner. It is well established that an owner may estimate the value of his real or personal property whether he qualified as an expert or not. *Acheson v. Shafter,* 107 Ariz. 576, 490 P.2d 832 (1971). The fact that an owner may not be an expert goes to the weight of the testimony and not the competency. *Jowdy v. Guerin,* 10 Ariz. App. 205, 457 P.2d 745 (1969).

■ Marquart had long experience in the gunsmith trade. He had been in business with the company since its founding, a period of some 18 years. He was completely familiar with the business. The trial court was justified in considering the valuation testimony of Marquart.

■ The judgment entered by the trial court was in favor of Marquart, personally. Normally, a judgment for damages to a corporation must be given in favor of the corporation. In this instance any judgment in favor of the corporation would also benefit Atkinson who was found to be the wrongdoer. In such an instance it has been held that the innocent party is entitled to recover in his own right instead of through the corporation. *Pearlman v. Feldmann,* 219 F.2d 173, 178 (CA2 1955).

Under the circumstances of this case, the trial court was correct in allowing Marquart to recover personally rather than derivatively through the corporation.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS, J., concur.

Note: Retired Justice LORNA E. LOCKWOOD did not participate in the determination of this matter.