735 P.2d 145

### ALL POINTS TOWING, INC., an Arizona corporation, Plaintiff/Appellee,

v.

### The CITY OF GLENDALE, a municipal corporation, Defendant/Appellant.

### No. 2 CA–CV 5952.

Court of Appeals of Arizona, Division 2, Department A.

March 12, 1987.

---

Gallagher & Kennedy, P.A. by Timothy R. Smock, Phoenix, for plaintiff/appellee.

Peter Van Haren, Glendale City Atty. by Richard A. Stewart, Glendale, for defendant/appellant.

## OPINION

FERNANDEZ, Judge.

This appeal arises out of the City of Glendale's (appellant's) wrongful termination of a towing contract with All Points Towing, Inc. (appellee). Although the appeal does not challenge the finding of liability, it does challenge certain of the damages awarded as well as the attorney's fee award. We find no merit to the appeal and affirm.

The police department of the City of Glendale, Arizona, formerly used a rotation system for providing towing services. A list of towing companies was maintained by the police department, and those companies would be called in rotation as the need for towing services arose. This system led to many problems, such as long response times, high fees, inadequate resources for adequate performance and inconsistent storage costs. The city issued a solicitation for bids for a single contractual provider and as a result, on June 1, 1979, All Points Towing, Inc. entered into a three-year contract to meet all of the city's requirements for removal of abandoned vehicles, towing, storage and disposal.

Complaints about All Points' performance came to the attention of Glendale City Councilman Quentin Tolby from a disgruntled former employee of All Points and from others. Tolby communicated these complaints to Mayor George Renner, and a short while later, a television reporter appeared in a three-show series of news segments and implied wrongdoing by either All Points and the Glendale police or both in connection with All Points' towing activities. Based upon the first television program and the letter from Tolby and without prior notice to All Points of its meeting,

the Glendale City Council terminated the contract, effective May 26, 1981.

All Points sued the City of Glendale and Quentin Tolby for breach of contract and also sued Tolby for intentional interference with the contract. After a court trial, the court found for Tolby on all claims against him. The court also made extensive findings of fact and conclusions of law. It found that the police chief and the city's liaison officer were satisfied at all times with All Points' performance under the contract. The court further found that the City of Glendale had breached the contract and awarded All Points $116,000 for lost profits on the sale of parts from abandoned vehicles, $27,776 for lost profits on towing services and $10,000 for lost good will. Attorney's fees of $40,000 were also awarded.

The city appeals from the award for lost profits on the sale of used parts and the award for loss of good will, contending that neither arose naturally from the breach of contract, nor was either award foreseeable as a probable result of a breach of the contract at the time the contract was made. No issue is raised as to the award of lost profits on the towing services. The city also contends that the court should limit the damages awarded in order to avoid disproportionate compensation to All Points, and that Rule 3.7(e)(1), Maricopa County Superior Court Local Rules, 17A A.R.S. (1986 Supp.), relating to attorney's fees, was not complied with and that attorney's fees should be reduced if damages are reduced.

### LOSS OF PROFITS ON SALE OF USED PARTS

■ The city contends that the award of lost profits from the sale of used parts should be vacated because that loss did not arise naturally from the breach itself and was not foreseeable by the city as a probable result of the breach at the time the contract was made. We disagree.

Arizona has long been committed to the rule that to be recoverable, any damage resulting from a breach of contract must either "arise naturally from the breach it-

self or ... [must] reasonably be supposed to have been within the contemplation of the parties at the time they entered the contract." *All American School Supply Co. v. Slavens,* 125 Ariz. 231, 233, 609 P.2d 46, 48 (1980); *Valley National Bank v. Brown,* 110 Ariz. 260, 517 P.2d 1256 (1974); *Sharp v. Western Union Telegraph Co.,* 39 Ariz. 349, 6 P.2d 895 (1932).

The evidence in this case shows that the calls to remove abandoned vehicles were initiated by city policemen, a procedure which is consistent with the statutory scheme of A.R.S. §§ 28–1401 through 28–1411. The same statutory scheme provides. that from the proceeds of sale at auction, the person in possession "shall be entitled to be paid a reasonable amount for storage of the vehicle...." A.R.S. § 28–1406. The city was aware of the procedure for the auctioning of abandoned vehicles as well as the volume involved in that procedure. There is ample evidence in the record to support the trial court's finding that the damages were sustained in the ordinary course of events and were foreseeable by the city at the time the contract was executed.

The trial court's findings must be viewed in the light most favorable to upholding the judgment and if any evidence exists to support the judgment, it must be affirmed. *Tanque Verde Enterprises v. City of Tucson,* 142 Ariz. 536, 691 P.2d 302 (1984); *Paul Schoonover, Inc. v. Ram Construction, Inc.,* 129 Ariz. 204, 630 P.2d 27 (1981).

### LOSS OF GOOD WILL

■ Appellant contends that its breach of the contract cannot result in the loss of good will to All Points, since that loss is not a damage which arises naturally therefrom, and since it was not foreseeable as a result of a breach at the time the contract was made. We disagree.

■ "Good will" is an intangible asset "which is an element responsible for profits in a business...." *O'Hara v. Lance,* 77 Ariz. 84, 87, 267 P.2d 725, 727 (1954). Damages resulting from a loss of good will need not be proved with mathematical pre-

cision—only the best evidence is required. *Isenberg v. Lemon*, 84 Ariz. 340, 327 P.2d 1016, modified on rehearing, 84 Ariz. 364, 329 P.2d 882 (1958). A corporation is entitled to recover for loss of good will. *Atkinson v. Marquart*, 112 Ariz. 304, 541 P.2d 556 (1975). The testimony of both the president and accountant of All Points as to the loss of good will supports the award.

At oral argument appellant's counsel argued for the first time that the good will award was in actuality a defamation award for damages to All Points' reputation. We do not find this argument timely. Further, the parties argued and presented evidence on all items of damage to the court, and the court made extensive findings. The court sitting as a trier of fact made separate findings as to the damages, and the evidence supports the award.

## DISPROPORTIONATE COMPENSATION

Appellant contends that we should limit All Points' damages pursuant to Restatement (Second) of Contracts § 351(3) (1979) which provides as follows:

> A court may limit damages for foreseeable loss by excluding recovery for loss of profits, by allowing recovery only for loss incurred in reliance, or otherwise if it concludes that in the circumstances justice so requires in order to avoid disproportionate compensation.

Specifically, appellant contends that comment f to that section is applicable to this case. That comment reads as follows:

> It is not always in the interest of justice to require the party in breach to pay damages for all of the foreseeable loss that he has caused. There are unusual instances in which it appears from the circumstances either that the parties assumed that one of them would not bear the risk of a particular loss or that, although there was no such assumption, it would be unjust to put the risk on that party. One such circumstance is an extreme disproportion between the loss and the price charged by the party whose liability for that loss is in question. The fact that the price is relatively small sug-

gests that it was not intended to cover the risk of such liability. Another such circumstance is an informality of dealing, including the absence of a detailed written contract, which indicates that there was no careful attempt to allocate all of the risks. The fact that the parties did not attempt to delineate with precision all of the risks justifies a court in attempting to allocate them fairly. The limitations dealt with in this Section are more likely to be imposed in connection with contracts that do not arise in a commercial setting.

Appellant contends that there is an extreme disproportion between the amount of the loss and the consideration received by the city, since the city received no goods or services as a result of the contract and was only incidentally benefited by virtue of the improved towing services which were provided.

■ We disagree. The contract provided for specific response times, uniform towing fees and storage charges, and mandated an efficient method of dealing with towing problems and the removal of disabled vehicles from the city streets. It is clear that the Glendale Police Department and the municipality received benefits from the contract. We will not substitute our judgment for that of the trier of fact as to the amount of damages and find that the Restatement section is not applicable to this case.

## ATTORNEY'S FEES

■ Rule 3.7(e)(1), Maricopa County Superior Court Local Rules, 17A A.R.S. (Supp.1986), requires that:

> A claim for attorneys' fees pursuant to A.R.S. § 12–341.01 shall be made in the pleadings, in the joint pretrial statement, or by written notice filed and served prior to the trial or other determination on the merits of the cause.

Appellant contends that All Points failed to give the necessary timely notice for an award of attorney's fees. The evidence indicates that immediately prior to the trial, All Points served upon appellant proposed findings of fact and conclusions of law

which sought attorney's fees and that approximately four months prior to the trial, All Points' counsel advised counsel for the city of his intention to seek attorney's fees. We find that the record supports the trial court's finding that the rule was complied with. When there has been substantial compliance with the local rules, an award of attorney's fees will not be vacated. *Prendergast v. City of Tempe*, 143 Ariz. 14, 691 P.2d 726 (App.1984).

Affirmed. Appellee will be awarded attorney's fees on appeal as requested upon filing a statement of costs pursuant to Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S. (1986 Supp.), and *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983).

HATHAWAY, C.J., and HOWARD, P.J., concur.